JOSEPH LEONARD, Administrator, etc., Respondent, *v.* THE COLUMBIA STEAM NAVIGATION COMPANY, Appellant.

The construction put upon the statutes of another State by its courts are controlling in the tribunals of this State. ·

An action is maintainable in this State by the personal representatives of one whose death resulted from an injury received in another State through the negligence of the defendant, where it appears that the laws of that State are similar to those of this State, giving to the personal representatives a right of action in such cases; it is not essential that the statutes should be precisely the same.

*It seems,* however, that the existence of such statutes in the other State must be proved; it cannot be presumed.

An administrator appointed in this State may maintain the action without showing that letters of administration have been taken out in the State where the death occurred.

*Richardson* v. *N. Y. C. R. R. Co.* (98 Mass. 85), *Woodward* v. *M. S. & N. I. R. R. Co.* (10 Ohio St. 121), *Needham* v. *G. T. R. R. Co.* (38 Vt. 295), *Allen* v. *P. & C. R. R. Co.* (45 Md. 41), *S. R. & D. R. R. Co.* v. *Lacy* (43 Ga. 461), *Marcy* v. *Marcy* (32 Conn. 308), distinguished.

Letters of administration granted by a surrogate in this State, where the intestate died leaving assets in his county, are conclusive as to his authority to bring such action.

Where a clause is inserted in a judgment without authority, the remedy is by motion to correct the judgment, not by appeal.

(Argued January 19, 1881; decided February 8, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made February 6, 1880, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence causing the death of plaintiff's intestate.

The facts appear sufficiently in the opinion.

*Dennis McMahon* for appellant. The motion to dismiss should have been granted because the statutes of Connecticut do not give any right of action to the representative for pecuniary injuries sustained by the next of kin in consequence of death by wrongful act, except in the single instance of death

occasioned by negligence of railroad companies. (R. S. of Conn. [ed. 1875], 488, § 3.) An administrator appointed in this State cannot recover in the courts of this State for damages caused by the death of his intestate, she having died in Connecticut. (*Whitford* v. *Panama R. R. Co.*, .23 N. Y. 476–480 ; *Richardson* v. *N. Y. C. R. R. Co.*, 98 Mass. 85 ; 2 R. S. 73, § 23, p. 75 ; Edmonds' Ed. Gen. Stats. Mass. [1860], 701,§ 34 ; Shearm. & Redf. on Neg. 294 ; *Woodward* v. *Mich. So. & Northern Ind. R. R. Co.*, 10 Ohio St. 120 ; Ohio R. S. 1860, 1139, chap. 87, § 636 ; 1 Ill. R. S. 1858, 422, § 1 ; Shearm. & Redf. on Neg. [1st. ed.] 337–8 ; *Needham, Admx.* v. *Grand T. R'way*, 38 Vt. 294 ; *State [case of Allen]* v. *Pittsburg R. R. Co.*, 45 Ind. 41 ; Purdon's Penn. Dig. 1872, p. 74, § 2 ; *Selma R. Co.* v. *Lacy*, 43 Ga. 461 ; *Mackay, Adms.* v. *Cent. R. R. Co. of N. J.*, 14 Blatchf. C. C. 75 ; *Marcy* v. *Marcy*, 32 Conn. 308 ; *Beach* v. *Bay State Co.*, 10 Abb. 71 ; *S. C.*, 30 Barb. 433 ; *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465 ; *S. C.*, 3 Bosw. 67 ; *Crowley* v. *Panama R. R. Co.*, 30 Barb. 99 ; *Sims* v. *Sims*, 75 N. Y. 466 ; *Whitford's Case*, 23 id. 481 ; 16 Alb. L. J. 643.)

*Christopher Fine* for respondent. The construction given by the courts of another State to the statutes of that State should control in our tribunals. (*Jessup* v. *Carnegie*, 10 N. Y. Dig. 150 ; N. Y. Court of Appeals, April, 1880 ; *Hunt* v. *Hunt*, 72 N. Y. 218 ; *Hoyt* v. *Sheldon*, 3 Bosw. 267 ; 5 id. 172.) This action was properly brought in the Supreme Court of the State of New York. (*Murphy* v. *The N. Y. & N. H. R. R. Co.*, 30 Conn. 184, 188, 189 ; *Same* v. *Same*, 29 id. 493, 499 ; *Soule* v. *The N. Y. & N. H. R. R. Co.*, 24 id. 575 ; *O'Rourke* v. *The People*, 3 Hun, 225 ; *Brown, Admx.* v. *The Buffalo & St. L. R. R. Co.*, 22 N. Y. 191.) The cause of action created in the State of Connecticut is in its nature transitory, and may be enforced in the courts of any State, or in any forum, unless the laws of that forum prohibit such an action. (Story on Conflict of Laws, §§ 538, 553, 554, 558 ; id., § 364 and note 6

[6th ed.]; id., § 307, d and e [Torts]; 3 Blackst. Comm. 294; Comm. Dig., Action, 4; 1 Chitty on Com. & Mafg. 647–649; *Rafael* v. *Derelot*, 2 W. Black. 1058; *Robinson* v. *Bland*, 2 Burr. 1077; 1 W. Black. 259; Stevens' Pleadings, 3; Bouv. Law Dict., Actions and Real Actions; Bouv. Law Dict., Actions and Personal Actions·; 2 Johns. Cas. 335; 1 and 2 Caines, 374; 3 Serg. & R. [Penn.] 500; 1 Chitty's Pl. 243; *Smith* v. *Bull*, 17 Wend. 323; *Glen* v. *Hodges*, 9 Johns. 66, 69; *McIvory* v. *McCabe*, 26 How. 257; *Maloney* v. *Davies*, 8 Abb. 316; *Missina* v. *Belden*, 6 id. 165, 170, 174; *Smith* v. *Butler*, 1 Daly, 508; disaffirming *Maloney* v. *Davis*, 8 Abb. 316; *Stallknecht* v. *Penn. R. R. Co.*, 13 Hun, 451; Gen. Term, First Dept., March, 1878; *Vanderwerker* v. *The N. Y. & N. H. R. R. Co.*, 6 Abb. 239, 240, 241; *Beach, Admx.* v. *The Bay State Stmbt. Co.*, 18 How. 335, 337, 338, 339; *Whitford* v. *The Panama R. R. Co.*, 3 Bosw. 67, 71, 84; 23 N. Y. 465; *Crowley* v. *Panama R. R. Co.*, 30 Barb. 99, 107; *McDonald* v. *Mallory*, 77 N. Y. 547; *Stout* v. *Wood*, 1 Blackf. [Ind.] 71, 72; *Wall* v. *Haskins*, 5 Ired. Law [N. C.], 177, 179; *Shipp* v. *McGraw*, 3 Murphy [N. C.], 463; *Madrazo* v. *Willis*, 3 B. & Ad. 353; *Mastyn* v. *Fabrigas*, 1 Smith's L. Cas. 765, 774, 777, 779, 781; *Melan* v. *The Duke de Fitz James*, 1 Bos. & Pull. 138.) The letters of administration granted to the plaintiff by the surrogate of the county of New York are conclusive of the plaintiff's right to bring this action and are all that is necessary. (3 R. S. 87, § 90 [6th ed.]; *Belden* v. *Meeker*, 47 N. Y. 310; *S. C.*, 2 Lans. 473; *Parham* v. *Moran*, 4 Hun, 718; *Leland* v. *Manning*, id. 11; *Hackney* v. *Vroom*, 62 Barb. 653; *Sibley* v. *Waffle*, 16 N. Y. 185; *Christy* v. *Libby*, 2 Daly, 423; *Roderigas* v. *E. R. Svgs. Inst.*, 63 N. Y. 460, 463, 464, 468, 471; *Richardson, Admr.* v. *West*, 10 N. Y. Weekly Dig. 65; Ct. of App., decided February 24, 1880; 3 R. S. 76, § 24 [23], sub-div. 3 and 4 [6th ed.]; *Potter* v. *Merchants' Bk.*, 28 N. Y. 652, 653, 654; *Lewis* v. *Penfield*, 39 How. 493, 494; *The People ex rel. Draper* v. *Pinkerton*, 77 N. Y. 245; *Stallknecht* v. *The Penn. R. R. Co.*, 13 Hun, 451; *Kansas Pac. R. R. Co.* v. *Cutter, Adm'r*, 16 Kans.

568, 570; *Jeffersonville, M. & I. R. R. Co.* v. *Hendrick*, 41 Ind. 48, 69, 72, 75; 3 R. S. 89, 90, § 6, sub-div. 8 [6th ed.]; *Whitford* v. *The Panama R. R. Co.*, 23 N. Y. 468.) When a resident of one State owns property in a foreign State, upon his decease its distribution must be governed by the laws of the locality where the deceased was domiciled. (*Parsons* v. *Lyman*, 20 N. Y. 105; *Vroom* v. *Van Horn*, 10 Paige, 549; *Isham* v. *Gibbons*, 1 Bradf. 70; *St. Jurgo* v. *Dunscomb*, 2 id. 105; Story on Conflict of Laws, 403, 404, 437, 438.) Where a clause is inserted in a judgment without authority, the proper remedy is by motion to correct the judgment, not by appeal. (*The People* v. *Goff*, 52 N. Y. 434, 437; *Kranshaar* v. *Meyer*, 72 id. 602; *De Lavallette* v. *Wendt*, 75 id. 582; *Bush* v. *Remsen*, 34 id. 385; *Benisse* v. *Wood*, 37 id. 532; *Marble* v. *Lewis*, 53 Barb. 385; *The Mayor* v. *Lyons*, 24 How. 280.)

Miller, J. The intestate was killed by reason of the explosion of a boiler of a steamer within the boundaries of the State of Connecticut, which the jury found was occasioned by the negligence of the defendant, who was the owner thereof. The statutes of that State created a cause of action in favor of and for the benefit of the next of kin and heirs at law, in certain cases which are enumerated. By the Revised Statutes (ed. of 1875), section 3, page 488, a right of action is given to the representatives of a person killed by the negligence of any railroad company or its servants, to recover damages to the amount of $5,000. The common-law rule as to actions for injuries to the person is changed, and it is provided that an action to recover damages for injury to the person, etc., shall not abate by reason of death, and that the executor or administrator may prosecute the same, and that all actions for injuries to the person, whether the same do or do not instantaneously or otherwise result in death, shall survive to his executor or administrator, etc. (Stats. of Conn. [revision of 1875], chap. 6, title 19, §§ 8–9.) It is held that under these provisions of the statutes of Connecticut an action lies in that State in favor

of the representatives of a deceased party to recover damages. (*Murphy* v. *N. Y. & N. H. R. R. Co.*, 30 Conn. 184; *S. C.*, 29 id. 496; *Soule* v. *N. Y. & N. H. R. R. Co.*, 24 id. 575.) The construction thus placed by the courts of another State upon the statutes of that State should be followed, and is controlling in the tribunals of such State. (*Jessup* v. *Carnegie*, 80 N. Y. 441,; *Hunt* v. *Hunt*, 72 id. 218.)

At common law, personal actions, whether *ex contractu* or *ex delicto*, are transitory (Bouv. L. Dic., Personal Actions, Transitory Actions); and these actions may be brought anywhere, and are governed by the *lex fori*. (Bouvier; Story on Conflict of Laws, § 307, *a. e.*) The cause of action which the statutes of Connecticut created is transitory in its nature, and, unless excepted from the general rule as to the place where such actions may be brought, can be enforced in the courts of this State or any other forum, provided the laws of that forum do not forbid its maintenance. In this State it is held that actions will lie for injuries to the person, committed outside of the territorial limits of the State. In *Smith* v. *Bull* (17 Wend. 323) it was decided that an action for an assault and battery, committed in the State of Pennsylvania, could be maintained in any Court of Common Pleas of this State. The rule, no doubt, is that all common-law actions for an injury in a foreign country are transitory in their character, and may be brought in another State or country besides that in which they originated. In contemplation of law the injury arises anywhere and everywhere. The right to recover in such cases rests upon the presumption that the common law prevails in such other State, and that the injured party could have recovered there had the action been brought in such State. The remedy in such cases is given by the courts of one country or State upon the principle of comity which is due by one sovereign State or country to another under similar circumstances. While these general rules are recognized in numerous decisions in the courts of this State, it is also held that the statutes giving an action for damages resulting from death caused by culpable negligence do not apply where the injury was not committed in this State.

but in a foreign country, unless it is proved that the laws of that country are of a similar character. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Beach* v. *The Bay State Steamboat Co.*, 30 Barb. 433; *Crowley* v. *Panama R. R. Co.*, id. 99; *McDonald* v. *Mallory*, 77 N. Y. 547.)

These decisions rest upon the principle that the statutes of this State can have no operation in a foreign country where similar statutes do not exist, and that it is not a legitimate presumption that the statute laws of other States or countries are similar to our laws. In *Whitford* v. *The Panama R. R. Co.* (*supra*), the injury was done in New Grenada. After considering the effect of the statute in a foreign country, DENIO, J., remarks: "Whatever liability the defendants incurred by the laws of New Grenada by the act mentioned in the complaint might well be enforced in the courts of this State, * * * but the rule of decision would still be the law of New Grenada, which the court and jury must be made acquainted with by the proof exhibited before them." The doctrine of this case is approved in *McDonald* v. *Mallory* (*supra*), and it is laid down by RAPALLO, J., that where the wrong is committed in a foreign State or country no action "can be maintained here without proof of the existence of a similar statute in the place where the wrong was committed." The rule here laid down is just and reasonable, and it is not essential that the statute should be precisely the same as that of the State where the action is given by law or where it is brought, but merely requires that it should be of a similar import and character. The statute in this State is certainly of the same nature, and the similarity is such as to authorize the conclusion that it is founded upon the same principle and possesses the same general attributes as the statutes of Connecticut which have been cited. The same remedy was to be accomplished, and an examination of the different provisions evinces an agreement in both of the statutes as to their main features, and that they are substantially alike and to the same effect as to the survivorship of the action. In fact, when there are similar statutes instead of the common law, the right to recover damages

stands precisely the same as if the common law in both States relating to the subject prevailed.

The doctrine that an action will lie when the common law, or the statutes of different States or countries correspond, is sustained by numerous authorities. (*Madrazo* v. *Willes*, 3 B. & Ald. 353; *Melan* v. *Duke de Fitz-James*, 1 Bos. & Pul. 138; *Mostyn* v. *Fabrigas*, 1 Cowp. 161; 1 Smith's Lead. Cas. 963; *Shipp* v. *McCraw*, 3 Murphy [N. C.], 463; *Wall* v. *Hoskins*, 5 Ired. Law [N. C.], 177; *Stout* v. *Wood*, 1 Blackf. [Ind.] 71.)

We are referred to a number of cases by the learned counsel for the appellant as authority for the position that the death happening in the State of Connecticut, and there not being shown to have been any representative there who had taken out letters of administration, an administrator in New York has no right to bring such an action in the courts. The cases cited are the decisions of other State courts, and a brief reference to them will indicate how far they should be allowed to bear upon the question considered. In *Richardson* v. *N. Y. C. R. R. Co.* (98 Mass. 85), the plaintiff brought an action for damages under the statute of New York for the killing of the intestate in New York. There was no statute in Massachusetts of a similar character, and it was held that the action could not be maintained. It will be noticed that the statutes of the different States were not of a similar nature and the common-law rule prevailed in Massachusetts. The case, therefore, is not analogous. In *Woodward* v. *Mich. So. & N. I. R. R. Co.* (10 Ohio St. 121), it was held that an administrator in Ohio could not maintain an action under the statute of Illinois authorizing the personal representative of a person who comes to his death by a wrongful act of another to sue for damages. It was questioned whether the petition went far enough to make out an action under the statute of Illinois, or whether an administrator appointed under the laws of Illinois might not maintain such action.

The question now presented is not fully considered, and therefore the decision has no force as a case in point. In

*Needham* v. *G. T. Railway Co.* (38 Vt. 295), the death occurred in the State of New Hampshire, and there was no law existing, or alleged to exist, which gave the plaintiff a right of action. In *Allen* v. *Pitts. & C. R. R. Co.* (45 Md. 41), there was no allegation that there was any statute in the State where the death was caused creating a cause of action, and it was held that, in the absence of any proof, there was no presumption in favor of a positive statute law of the State, but it must be presumed that the common law prevailed. The case therefore is not in point. In *Selma R. & D. R. R. Co.* v. *Lacy* (43 Ga. 461), the same general state of facts existed and the same rule was recognized. *Marcy* v. *Marcy* (32 Conn. 308) does not directly affect the question considered. From this review of the cases, it is manifest that the authorities cited do not sustain the position that this action cannot be maintained in this State under the circumstances existing, and we are of the opinion that the right of the administrator to bring the same is clear and beyond question. The letters of administration granted by the surrogate are conclusive as to his authority. (*Roderigas* v. *East River Savings Inst.*, 63 N. Y. 460 ; *Kelly* v. *West*, 80 id. 139.) The letters on their face show that the intestate died " leaving assets " in the State and in the county of New York, and this gave the surrogate of the county of New York jurisdiction. (3 R. S. [6th ed.] 76, § 24.) Nor was it essential, we think, that letters should have first been taken out in the State of Connecticut. Be that as it may, however, the letters issued by the surrogate are conclusive as to the right of the administrator to maintain this action. In regard to the question as to the right to recover interest, there is no evidence that the interest was added to the verdict upon the trial. It does appear, however, to have been inserted in the judgment, from the record before us. We may assume that it was added on the taxation of the costs and the question can only be properly reached by a motion to retax the costs or to correct the judgment at Special Term, and not by appeal. (See Code of Civil Pro., §§ 1346, 1349.) Where a clause is inserted in the judgment without authority the proper remedy is by motion to

correct the judgment, and not by appeal. (*People ex rel. Oswald* v. *Goff*, 52 N. Y. 434; *Kraushaar* v. *Meyer*, 72 id. 602; *De Lavallette* v. *Wendt*, 75 id. 579.) There was no error in the refusal of the judge to charge any of the requests submitted to him by the defendant's counsel; and after a careful examination we are unable to discover that any error was committed by the judge in the various rulings as to the admissibility of evidence.

After full consideration, we think that the case was properly disposed of at the Circuit, and that the judgment should be affirmed.

All concur, except Rapallo, J., absent, Folger, Ch. J., concurring in result.

Judgment affirmed.