JOHN W. BROOKS, RESPONDENT, v. THE NEW YORK
AND GREENWOOD LAKE RAILROAD COMPANY,
APPELLANT.

*Foreign corporation — it waives objections to the jurisdiction of the court by serving a
general answer — when a corporation is not liable for exemplary damages.*

The plaintiff, a resident of New Jersey, brought this action against the defendant
which had been incorporated under the laws of that State, to recover damages
for injuries sustained while he was there traveling upon one of its trains.

*Held,* that the defendant by voluntarily appearing and serving a general answer
waived any right it might have to object to the jurisdiction of the court.

The injury was occasioned by the train running into a river through the open draw
of a bridge, a few minutes after six o'clock in the morning.   The bridge-tender
it was shown could neither read nor write, but it was not made to appear that
the accident was in any degree attributable to his inability so to do.   Evidence
tending to show inattention on the part of the engineer was also given.

The court charged the jury: "If you find from the evidence that the conduct
of the engineer on the morning of the 4th of November, 1879, or the conduct
of the railroad company in the employment of a bridge keeper who could
neither read nor write, amounted to such a reckless indifference to human life
as to constitute willful and malicious misconduct, then you may be justified in
giving exemplary damages."

*Held,* error.

APPEAL from a judgment in favor of the plaintiff, entered on the
verdict of a jury, and from an order denying a motion for a new
trial, made upon the minutes of the justice before whom the action
was tried.   The defendant was a corporation created and existing
under the laws of the State of New Jersey, and the accident, to
recover the damages resulting from which this action was brought,
happened in that State.

*Cortlandt Parker,* for the appellant.

*Theodore F. Miller,* for the respondent.

DANIELS, J.:

The plaintiff was a passenger upon one of the defendant's trains
from North Newark station, in New Jersey, to New York.   As
this train reached the Hackensack river, a few minutes later than
six o'clock in the morning, a draw of the bridge was found to be

open and before the train could, after the discovery of that fact, be stopped, it was precipitated through the open draw into the river. The plaintiff was injured by means of the accident and the recovery was for the amount deemed to be proper by the jury for that injury under the evidence in the case.

At the time of the accident, and also when the action was commenced, the plaintiff was a resident of the State of New Jersey, and after the proof given in his favor upon the trial was concluded, a motion was made for the dismissal of the complaint upon the ground that the court had no jurisdiction of the action. This was denied and the defendant excepted. The action was commenced while the Code of Procedure was in force and the motion to dismiss it seems to have rested on the authority of sections 427 and 148 of that Code. No such objection was taken by the defendant's answer to the complaint, or in any other form prior to the time when it was made upon the trial. The action itself was what the law has denominated a transitory action. It was for a cause of action which might have arisen at any place and therefore it was not local, and as the law was settled before the Code, such an action might be brought in this State when jurisdiction could be acquired over the defendant by the service of the proper process for that purpose, especially when that service should be followed by a formal submission to the authority of the court. (*Leonard* v. *Columbia Steam Nav. Co.,* 84 N. Y., 48, 52). This court, had jurisdiction over the subject-matter of the action, and inasmuch as the defendant failed to object to the authority of the court over itself as a corporation, formed and existing under the laws of the State of New Jersey, and put in a general answer in the case in no way referring to such objection, it waived its right to insist upon it at the time when it was taken at the trial. (*McCormick* v. *Penn. Cent. R. R. Co.,* 49 N.Y., 303.) Section 427 contains nothing inconsistent with the principle acted upon in this authority, for it has not provided that a foreign corporation may not, when a suit against it shall be in form commenced, voluntarily submit itself to the jurisdiction of the court. It did not consequently abrogate the general principle of law, that a party over whom the court might not have compulsory jurisdiction, could voluntarily submit to its authority in such a manner as to produce a waiver or surrender of the objection.

The person employed to attend the bridge and close the draw before the arrival of the train could neither read nor write, and there was evidence that the engineer himself was inattentive to the possible danger of the situation. And upon these circumstances the court charged the jury in the following language: "It is true that ordinarily in actions of this character the plaintiff is limited to compensation for his injury and that nothing further can be given. If you find from the evidence that the conduct of the engineer on the morning of the 4th of November, 1879, or the conduct of the railroad company in the employment of a bridge-keeper who could neither read nor write, amounted to such a reckless indifference to human life as to constitute willful and malicious misconduct, then you may be justified in giving exemplary damages. It is for you upon the evidence to say whether you will or [not." And at the close of the charge the defendant's counsel excepted to so much of it as related to the subject of punitive damages. This exception was pointed directly to the instructions given by the court to the jury, that they might allow punitive damages in the case if they believed that the conduct of the railroad company in the employment of the bridge-keeper amounted to a reckless indifference to human life. And upon that it may be presumed from the verdict, which was for the sum of $10,000, that the jury were actuated by the conviction, from the circumstance referred to, that this degree of culpability did exist on the part of the defendant. Without proof of culpable negligence or misconduct on the part of the corporation itself, damages of this nature could not legally enter into the verdict of the jury. (*Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y., 282.) And the sole question upon this part of the case necessarily is, whether the employment of a person to take charge of the bridge and close and open it as the necessities of navigation or of its own business should require, who could not read or write, sustained the charge of wanton or culpable misconduct against the defendant. It did not follow from this inability that the person so employed could not accurately discharge all the duties incident to his employment. Neither was it made to appear that the accident itself was in the least degree attributable to this inability. And by no reasonable inference to be deduced from this circumstance can it, therefore, logically be said that this culpability existed on the part of the

railroad company. It was not a circumstance tending to establish any positive misconduct which would permit a jury in case of such an accident to include damages in the verdict by way of punishment against the defendant.

It has been urged that this exception was not sufficiently pointed to present this objection, but it is very plain from the statement of it that it included what the court said to the jury upon this subject of punitive damages, and their right to impose them by their verdict upon the defendant. There could be no rational ground for misunderstanding the subject to which the exception was designed to be pointed. But even if it were otherwise, as an appeal has also been taken from the order denying a motion for a new trial, and this was a misdirection in the case, it would still follow that the verdict should be set aside. As the evidence was given upon the trial, this point should not have been permitted to enter into the consideration of the jury, and as it was, the judgment and order should be reversed and a new trial directed, with costs to abide the event.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment and order reversed and new trial directed, costs to abide event.