### WOODEN *v.* WESTERN N. Y. & P. RY. Co.

#### (*Superior Court of Buffalo, General Term.* February 2, 1891.)

DEATH BY WRONGFUL ACT—WHO MAY SUE.

The laws of Pennsylvania provide that, whenever the death of a person shall be caused by the unlawful violence or negligence of another, the husband or widow and the children of the decedent may recover damages therefor, and that the amount shall be distributed among them according to the intestate laws. Code Civil Proc. N. Y. § 1903, provides that in case of such death the executor or administrator of the decedent must sue, and that the damages, when recovered, should be exclusively for the benefit of the wife and next of kin. *Held* that, where the death of a resident of New York was caused in Pennsylvania by the negligence of another, the widow may maintain an action therefor in the courts of New York, in her individual capacity.

On a demurrer to the complaint.

Action by Laura Wooden against the Western New York & Pennsylvania Railway Company.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*Harlow C. Curtiss,* for plaintiff. *Rogers, Locke & Milburn,* for defendant.

TITUS, J. The defendant demurs to the plaintiff's complaint, on the ground that the plaintiff has no legal capacity to sue, and that such action, under the statute in such case made and provided, must be brought by the administratrix of the goods, chattels, and credits of George W. Wooden in her representative capacity, and cannot be brought in the individual name of the plaintiff. From the complaint it appears that, on the 4th day of January last, George W. Wooden, a resident of this city, employed as a brakeman by the defendant, was killed while in the performance of his duties at Parker's station, in the state of Pennsylvania. It further appears that by the laws of Pennsylvania, whenever the death of a person shall be caused by the unlawful violence or negligence of a person, the husband or widow and the children of such deceased shall be entitled to recover damages for such injury causing death, and that the amount so recovered shall go to them in the proportion that they would take other personal estate in case of intestacy; that the plaintiff, Laura Wooden, was the wife, and Gertrude E. Wooden, Charles W. Wooden, and George R. Wooden were the children, of said deceased, and are entitled in case of a recovery to such share as by the laws of that state they would be entitled to in case the deceased had died intestate, possessed of a personal estate. Under this statute, it has been held by the supreme court of Pennsylvania that the widow is entitled to bring suit, and the sum recovered shall go to the survivors, in the proportion they would take personal es

tate in case of intestacy.   *Railroad Co.* v. *Decker*, 84 Pa. St. 419.   This construction of the statute by the courts of Pennsylvania is controlling on the courts of this state, and, if the statute of Pennsylvania be of similar import and character as the laws of this state in giving a right of action, then such action can be maintained in this state.   *Leonard* v. *Navigation Co.*, 84 N. Y. 48.

It appears that by the laws of Pennsylvania, when no suit is brought by the injured party during his life, the widow, children, or parents of the deceased, and no other relative, are entitled to recover damages for the injury. There would, under this statute, be no necessity for the appointment of an administrator to bring an action, as the statute expressly names the persons who may bring such an action, and because the recovery does not belong to the estate of the deceased, to be treated as other assets are in the payment of debts, but to certain of his next of kin, the widow, children, or parents of the deceased.   In this state "the executor or administrator of a decedent who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof, if death had not ensued."   Section 1902, Code Civil Proc. Such an action must be brought by the personal representatives of the deceased, and the damages, when recovered, are exclusively for the benefit of the wife or next of kin, and, when collected, must be distributed as if they were unbequeathed estates.   Section 1903, Id.   The laws of the two states are very similar in their provisions giving a right of action for wrongfully causing the death of a person; and, if the proper person has been made plaintiff to bring this action, it can be maintained in this state.

It is claimed by the defendant's counsel that the action should have been brought by the plaintiff as administratrix, and, not being brought by her in that capacity, it must fail.   I am not aware of any statute of this state regulating the practice or providing who shall bring actions in cases like the one under consideration.   This is what is generally known as a "transitory action" in character, and, as this state has a similar statute giving a right of action in such cases, it may undoubtedly be brought here.   It is said in *Leonard* v. *Navigation Co., supra,* that the remedy in such cases is given by the courts of one state upon the principle of comity which is due by one sovereign state to another under similar circumstances.   While the right to bring the action and the beneficiaries under the statute are the same in Pennsylvania as in this state, the person who shall bring the action is not the same.   There it is the widow, children, and parents; here it is the executor or administrator.   There no right of action exists in favor of such an officer, and no recovery can be had in her name as such representative; and as the courts of this state simply take jurisdiction and give effect to the statute of another state, and allow a recovery, can an action be maintained in this state by a person who is not authorized or recognized by the statute of Pennsylvania as having any right to bring the action?   In *Dennick* v. *Railroad Co.*, 103 U. S. 11, it was held that where the statute of New Jersey gave a right of action to the personal representatives for an injury resulting in the death of a person, caused by the wrongful act or neglect of another, such an action was properly brought in this state by an administrator appointed under our laws, and that the suit could only be brought to recover under that statute in the name of the personal representatives of the deceased.   In *Leonard* v. *Navigation Co., supra,* the intestate was killed by the explosion of a boiler in the state of Connecticut, which was occasioned by the negligence of the defendant.   The statute of that state gave a right of action to the representatives of a person killed by the negligence of any railroad company.   It was held that the statute of New York was similar in character, and that an administrator appointed under-

the laws of this state could maintain an action for the injury here. In *Stall-knecht* v. *Railroad Co.*, 13 Hun, 451, in an action in the supreme court of this state for killing a person in New Jersey, the courts say that, "the cause of action having been created by the law of New Jersey, and conferred upon the personal representatives of the person killed, and she presenting her claim, this court is open for her redress. * * * The action is for the enforcement of a right of action created by another state, and conferred upon persons dwelling within our own." In *Books* v. *Borough of Danville*, 95 Pa. St. 158, the supreme court, in speaking of the right of the husband to bring an action for the death of his wife, say: "No other persons have been clothed with the right, and hence no other persons can maintain such actions. The present action is brought by an administrator, * * * but the legislature has not declared that such a person can maintain such an action, and hence the right to do so does not exist." While in most of the states the action is required to be brought in the name of the personal representatives of the deceased, some of the authorities place the right to bring the action in another state than where the injury was received, upon the ground that the statute of such state expressly confers the right of action upon the administrator.

As it appears that the administrator cannot maintain an action in Pennsylvania, and that the action must be brought in the name of the persons designated by the statute, it is difficult to see how a person not authorized by the laws of that state to bring an action can come into this state, and, in express violation of the statute creating the right of action as construed by the courts of that state, bring an action in the name of an administrator. The right of action and the person who can maintain it, under the statute, are inseparable, and, when there is no person in being to bring an action to enforce the right answering to the description of those mentioned in the statute, no right of action exists in favor of every one, and the benefit intended by the law necessarily falls for want of a proper party. The right of action and the right of the designated persons who may bring it are fixed by the statute creating it, and, if the action is brought in this state, it must be brought by the only party who has the right to maintain it in that state. The plaintiff is the widow of the deceased, and, under the law of Pennsylvania, is the proper and only person who can maintain the action there, and it seems to me that in taking jurisdiction in this state only such parties can maintain the action as are designated by the statute giving the right of action. If these views are correct, it follows that the demurrer must be overruled, with costs.

BECKWITH, C. J. While concurring in the conclusion reached by TITUS, J., that the demurrer must be overruled, I will add a few observations as to the theory of cases of this kind, and the grounds of my decision. It may not be material to determine the source of that right upon which a relative or representative can come into court and maintain an action for causing the death of a person. It is a right preserved or conferred by statute. It may be regarded as a right that at one time belonged to the decedent which has been preserved, carried over, and vested in a relative or representative for the benefit of the next of kin, (see statute of Connecticut cited in *Leonard* v. *Navigation Co.*, 84 N. Y. 54;) or it may be regarded as a right created originally by the statute, and giving a right of action to the relatives or next of kin, or some artificial person or representative for their benefit. In this latter supposition, the statute and the right, to be consistent with established theory, imply the existence in the relatives or next of kin of an antecedent right to advantages and benefits assumed as likely to result to them from the continuance in life of the intestate. While the intestate was employed on the defendant's trains of cars he had an original vested legal right to con-

tinue safe in his person from the consequences of any wrongful negligence on the part of the defendant. If from such negligence he received an injury, immediately thereupon he acquired a remedial right against the defendant,— a right to receive the pecuniary equivalent of his injury. This remedial right came into existence instantly with the injury, and became vested in him, however immediately death ensued. This vested right to the pecuniary equivalent, called "damages," comes near answering the legal conception of property or right of property; but at common law, on account of its theory of the non-transferability of the right of action identified with the remedial right, only the person injured could maintain an action, and, if death followed the injury, the remedial right to damages was said to die with the person who had sustained the injury. But in our day the legislatures of the'most of the states have enacted laws to correct the possible injustice resulting from the rule of the common law. The statutes which have been enacted either preserve and transfer the remedial right that had belonged to the deceased, or they create a new remedial right in favor of the relatives and next of kin, when the death of a person has been caused by the wrongful negligence of another. The true theory probably is that the statute creates a new remedial right on behalf of relatives. To such effect are the decisions in this state. *Hegerich* v. *Keddie*, 99 N. Y. 267, 1 N. E. Rep. 787. It is a right to damages to have and receive a money compensation. In general theory of law, the person who possesses such a remedial right may come into court and maintain an action for the recovery of the damages. At common law, and in our customary habit of thought, the person having such a remedial right, that is to say, a right to compensation for a wrong done, has a right to come into court and conduct an action, have the benefit of the legal procedure, for the recovery of the damages. The remedial right and the action were identified and indivisible.

Now, a person coming into our courts to carry on an action founded on a right alleged to have been conferred by the laws of another state would be obliged to show that the laws of that state did confer such a right. But the right alleged might be one that our laws do not recognize. Under the common law, for example, our courts could not recognize the existence in anybody of a right to damages for the death of a person. *Richardson* v. *Railroad Co.*, 98 Mass. 85. It would be necessary, therefore, for the party instituting an action in our courts to allege a claim containing the elements of some cause of action recognized by our law. If a party comes into our court with a remedial right recognized by our law, he necessarily is entitled to move the court and avail himself of the legal procedure which has been established by the state. In the case before us the complaint alleges the creation by the statutes of Pennsylvania of a right to damages for wrongfully causing the death of a person; that the statute of New York has created the same right, and invested substantially the same persons with the benefit of it,—in Pennsylvania the widow and children, in New York the widow and next of kin; and the complaint alleges that the statutes of the two states are similar. It cannot be maintained, then, that the plaintiff has not set up a cause of action because she has alleged a remedial right not known to our law. Our law allows damages for wrongfully causing the death of a person; and this identity of the right is all there is that is material to the jurisdiction of a court of the state of New York of an action founded on a right given by the law of another state.

In general, under the theory of the common law, the person who has sustained the wrong, who holds the contract that has been broken, who is the possessor of the primary right that has been violated, is the person who acquires the remedial right to damages, a right of action, and a standing in court to obtain the damages as the object of the action; and, when it is alleged that a certain person has a right to maintain action to recover damages

for a certain wrong, and that certain other persons are entitled to recover damages for that wrong, there is, on the face, at first a striking repugnancy in the allegations, arising out of the assumption and habit of thought that the right to the damages and the right of action must be found in the same person. When the statute makes a defendant liable to relatives for a wrong causing death, it raises a legal implication that some antecedent right of the relatives was violated. But in New York the statute does not give the right of conducting the action to the relatives who have sustained the injury, and are entitled to the compensation, but to an administrator, who may have no interest whatever in the recovery. The right of action is thus separated from the right to compensation, and is a mere instrument given the administrator, for the benefit of others. The complaint distinctly alleges that by the statute of Pennsylvania this right of action is conferred upon the widow. Though a bare right of action, a mere right or power to carry on an action, perhaps in trust for others, nevertheless it is a right. The exercise of that right in this state does not contravene the policy of any law of this state. One of the grounds of the demurrer is that such an action can be brought only by an administrator of the goods, chattels, and credits of the intestate; but the complaint does not show that the state of Pennsylvania gave any right of action to the administrator, and the plaintiff does not claim to recover upon any such right. When in this state the administrator is authorized to bring this sort of action, it is not because there is any essential connection between the particular action and the administration of the estate, but because the statute has accidentally nominated that representative of the intestate to the trust in favor of the relatives. The portion of the complaint at which the demurrer is aimed is that part which alleges that there was in force in Pennsylvania a statute which provides "that, whenever the death of a person shall be occasioned by unlawful violence or negligence, the widow of any such deceased may maintain an action for and recover damages for the death thus occasioned; that the persons entitled to recover damages for any such injury causing death shall be the husband or widow and the children, and the sum recovered shall go to them in the proportion they would take his other personal estate in case of intestacy as provided in said statutes and laws; and that said statute is similar in its import and character to the provisions of the Code of Civil Procedure of the state of New York with reference to actions to recover damages for a wrongful act, neglect, or default by which a person's death has been caused." It is claimed by the defendant that the allegation that the widow may maintain the action, and the allegation that the persons entitled to recover damages are the husband or widow and the children, are inconsistent and repugnant allegations. The demurrer does not specify that the complaint shows a defect of parties plaintiff, but that it does not state facts sufficient to constitute a cause of action. It is argued that there is no allegation in the complaint warranting a suit by the widow on behalf of herself and her children. In the first place it may be noticed that the allegations show that the statute of Pennsylvania is like the statute in force in New York, and it is expressly alleged that the statute of Pennsylvania is similar in its import and character to the provisions of the New York statute with reference to actions to recover damages for a wrongful act by which a person's death has been caused. The defendant, with the New York law before it, called upon to answer such a complaint, may see at once the situation. The defendant within the jurisdiction of the state may be assumed to know the peculiar character of this statutory action for damages for causing death; that in the state of New York the action itself is maintainable by a party who may have no interest in the recovery; and that the persons entitled to the sum that may be recovered are the widow and children, who, nevertheless, cannot carry on the action themselves. Having this knowledge of the relations of the actor and the parties who are interested in the recovery, and who, upon judgmen

are entitled to receive or recover the compensation due them, it would seem that the pleader could make out without much effort the intention of the plaintiff to allege a similar cause of action to that which would be made under the statute of New York. First, he would find an allegation not, in terms, declaring a right of recovery in the widow, but that the statute of Pennsylvania provides that the widow may maintain an action for and recover damages for the death occasioned, which is appropriate language for expressing the same sort of capacity to carry on an action which is given an administrator in this state; then comes the general language that the persons entitled to recover damages are the relatives, the sum recovered by the judgment to be apportioned; and, further on, the allegation that the plaintiff brings the action in behalf of herself and children. It would seem in such a case to require no great stretch in the way of construction to make out that the second of the allegations claimed to be repugnant was designed and intended to show expressly who are the parties interested in the damages to be recovered in the action which the widow was empowered to maintain.

Ordinarily an allegation that certain persons are entitled to recover damages involves an allegation that those persons are entitled to carry on the action for the recovery of such damages, and it is true that at common law the person who had the right to the remedial relief, that is to say, the damages obtained at the end of the action, had also the right of action, and the right to carry on the action. The right to the relief and the right of action were one and indivisible. As a general proposition, it is true that the person interested in the recovery is the person who must maintain the action. And such is the force of habit that it is difficult for the trained lawyer to disassociate the elements of a right of recovery so as to think of the mere right of recovery as something independent of the right of action; but that is what is done by all these modern statutes for the recovery of damages for negligently causing the death of a person, and therefore in actions of this kind it is not unjust to require the complaint to be read in the light of the scheme and policy of these new statutes. The complaint first alleges that the statute of Pennsylvania confers upon the widow authority to carry on the action, and secondly alleges that by the statute the persons entitled to recover the damages are the husband or widow and the children, and that the sum recovered in the action must go to them in the proportions they would take the intestate's personal property. It is claimed by the defendant that the second allegation is repugnant to the first, and that the two allegations ought to be construed so as to amount to an allegation that the widow and children together, and not the widow alone, have the right of action, and the construction is claimed to be due the defendant upon the rule or maxim that inconsistent and repugnant allegations should be construed most strongly against the pleader. But why should these allegations be construed against the plaintiff? The defendant is not as yet inconvenienced in its defense. The second allegation does not absolutely and necessarily mean that the widow and children possess together the right of action; the language admits of the construction that they, in certain shares, are entitled to the compensation to be recovered for the injury. The word "recover" itself often means to "get" or "obtain" something, without including the idea of an action. Were this an action where the plaintiff must be the party having the pecuniary interest, or the person whose primary or substantive right has been violated, it would be difficult to give consistency to the allegations; but, the action being of a new character, created by the statute, which separates the action from the persons entitled to the benefits of the recovery, it seems possible, without injustice to the defendant, to give a construction to the allegations that will support the complaint against the claim of insufficiency. The rule that an inconsistent allegation must be taken most strongly against the party framing the allegation is not an arbitrary rule which the court must run after and hasten to enforce.

There is certainly a rule of the kind still recognized, notwithstanding the command of the Code, which, like any other logical principle or maxim of law, is operative when properly applied.   In the cases cited by the defendant's counsel there were circumstances warranting the adoption of the rule.   In *Clark* v. *Dillon*, 97 N. Y. 370, at the close of the evidence, the defendant asked for a nonsuit, as I take it, on the ground that the plaintiff has not proved that the defendant made the excavation which occasioned the injury.   The plaintiff claimed that the fact which was alleged in the complaint was not denied by the answer. The denial in the answer was of uncertain meaning and ambiguous.   The plaintiff had gone to trial relying on the interpretation by which the answer admitted the allegation of the complaint.   It plainly, then, under the circumstances, would not have been just for the court to rule in favor of the defendant by construing an ambiguous pleading in favor of the party who left it ambiguous.   There, I contend, the ruling was made in accordance with the Code, with a view to substantial justice.   So, in *Bates* v. *Rosekrans*, 23 How. Pr. 98, the defendant had not set up the pretended counter-claims as counterclaims.   The court held that the plaintiff might "well conclude that the answer was designed to set up only the defense of payment," and so come to trial.   The court refused to rule that the alleged counter-claims were admitted for want of a reply.   But the Code of Civil Procedure, § 517, declares that pleadings must be liberally construed, with a view to substantial justice between the parties.   That rule would seem to require a complaint to be sustained unless some injustice will thereby be done to the defendant.   The rule insisted upon by the defendant was not of universal application at common law; for, under that system of pleading, it was held that, where an expression is capable of different meanings, that should be taken which would support the declaration, and not the other, which would defeat it; and that it ought to be construed in that sense in which the party framing the pleading must be understood to have used it supposing he intended his allegations should be consistent.   1 Chit. Pl. 273.   Upon the considerations now suggested, I have reached a conclusion adverse to the defendant upon its claim to have the allegations of the plaintiff construed for repugnancy in a way that will vitiate the complaint, although in reaching this conclusion I have been held back by the recurring difficulty of escaping from the habitual conception of the legal identity of a right of recovery and a right of action.   The propositions deducible from what I have said, or meant to say, are: When a man loses his life in consequence of the culpable negligence of another, by the common law no right of action is preserved or created in favor of his relations or personal representative; but in the state of New York, where a man receives a personal injury occasioned by the wrongful negligence of another which results in his death, a statute of the state creates immediately a right in his widow and next of kin, to have and receive (recover) a pecuniary compensation for their injury.   By that statute the bare right of action as an instrument for redress is separated from the pecuniary right of the next of kin, and vested as a power in the personal representative (executor or administrator) of the decedent; or it may be claimed that the combined right of recovery and action is placed in the personal representative in trust.   When an action is brought in a court of this state for a fatal injury of the kind done in another state, the plaintiff must allege and show that the statutes of that state do, on account of the injury and death, create a like right in favor of the relatives of the deceased to have compensation for their loss, and that the plaintiff is the person vested either with the primary right to the pecuniary compensation or the right of action, *medium jus persequendi*.

That the statutes of the foreign state have created a substantive right to compensation in favor of the relatives of the deceased person, which character of right the laws of New York also recognize as a legal right, is the only material requirement.   It is immaterial who is the appointee under the stat-

ute to carry on the action, whether the personal representative of the deceased, the widow, or all the beneficiaries together; that is a mere accident, immaterial to the jurisdiction of the court. The question is, does the person who comes into court come with a vested right, which our laws recognize as an actionable right? The plaintiff alleges that by the statutes of Pennsylvania she is vested with a right of action against the defendant for negligently causing the death of her husband in Pennsylvania, and that the persons entitled to recover damages are, by the statute of Pennsylvania, the widow and children of the deceased; that the sum recovered is distributable to them; and that she brings the action in behalf of herself and the children. The injury alleged, and for which it is alleged the statutes of Pennsylvania give a right of action, is an injury for which the laws of New York also give a right of action of the like character. A complaint containing such allegations should be looked at in the light of the policy and provisions of the statutes which create the right upon which the action is brought; and, that being done, it seems not difficult to understand and harmonize the allegations claimed to be repugnant. The law of construction is found in the Code, which is that the pleading must be liberally construed, with a view to substantial justice between the parties. I do not think any injustice is done the defendant if we construe the criticised allegations as stating that the right to carry on the action is vested by the statute of Pennsylvania in the plaintiff, and that the persons vested with the right to receive the pecuniary compensation which may be recovered are, by the statute of Pennsylvania, the widow and children.

HATCH, J., concurs.