GURNEY v. GRAND TRUNK RY. CO. OF CANADA.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. DEATH BY WRONGFUL ACT—PLEADING FOREIGN STATUTE.
    In an action by an administrator for negligently causing the death of his intestate in a foreign country, founded on a statute of that country giving such right of action, although plaintiff must plead such foreign statute, he need not allege that it is the same as that of the state where the action is brought, but merely that it is of similar import and character.

2. SAME.
    And it is not necessary for plaintiff to allege that, if death had not ensued, the intestate could himself have maintained an action under the law of such foreign country.

3. SAME—RIGHT OF ADMINISTRATOR TO SUE.
    Such an action may be maintained in New York by an administrator appointed in that state, without showing that there has been any administration in the foreign country where the death occurred.

**4. ACTION AGAINST FOREIGN CORPORATION—PLEADING—DEMURRER.**

Although, under Code Civil Proc. N. Y. § 1780, only a resident of the state can sue a foreign corporation on a cause of action for tort arising without the state, a demurrer to a complaint in such an action, on the ground that the court has no jurisdiction of the subject of the action, cannot be sustained merely because the complaint does not allege residence of the plaintiff, where his non-residence does not appear on the face of the complaint; as section 488 authorizes a demurrer to the complaint only where one or more of the grounds specified "appear upon the face thereof."

Appeal from special term, New York county.

Action by Frederick B. Gurney, as administrator of Launcelot S. Gurney, deceased, against the Grand Trunk Railway of Canada. Defendant appeals from an interlocutory judgment overruling its demurrer to the complaint. Code Civil Proc. N. Y. § 488, provides: "The defendant may demur to the complaint where one or more of the following objections thereto appear upon the face thereof: (1) That the court has not jurisdiction of the person of the defendant; (2) that the court has not jurisdiction of the subject of the action," etc. Code Civil Proc. N. Y. § 1780, provides: "An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract, made within the state, or relating to property situated within the state, at the time of the making thereof; (2) where it is brought to recover real property situated within the state, or a chattel, which is replevied within the state; (3) where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Sprague, Morey, Sprague & Brownell*, (*George F. Brownell*, of counsel,) for appellant. *Benjamin B. Foster*, for respondent.

O'BRIEN, J. The facts alleged in the complaint and conceded by the demurrer are that the defendant company, being a common carrier of passengers, on the 28th day of April, 1889, received the plaintiff's intestate as a passenger on its railway, and so negligently and unskillfully managed the cars and locomotive engine of the railway that the deceased, while exercising due care and caution, was killed thereby; that the plaintiff was duly appointed administrator of his estate by the surrogate of Kings county, N. Y.; that there was at that date, and still is, a statute in force in the dominion of Canada, where the decedent was killed, entitled "An act respecting compensation to the families of persons killed by accident and in duels," providing, among other things, that when the death of a person has been caused by such wrongful act, neglect, or default as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, in such case an action for damages for the benefit of the wife, husband, parent, and child of the person may be brought by and in the name of the executor or administrator of the person deceased, and that such statute is similar in its import and character to the provisions of the Code of Civil Procedure of New York with reference to actions by an executor or administrator to recover damages for a wrongful act, neglect, or default by which his (decedent's) death was caused. The three grounds of demurrer assigned are—*First*, that the court has not jurisdiction of the person of the defendant; *second*, that the court has not jurisdiction of the subject of the action; *third*, that the complaint does not state facts sufficient to constitute a cause of action.

This last is the one most strenuously urged upon this appeal. It is claimed that, as the cause of action presented did not exist at common law, but is based solely on statute, it was incumbent upon plaintiff to plead, not only the Canadian statute, showing it to be similar to our own in respect to surviving in favor of parent or next of kin, but also that the cause of action was

one which, under the law of Canada, the party injured could have maintained if death had not ensued. Neither contention is tenable. The Canadian statute changing the common law, and permitting an action to be brought in the name of the executor or administrator where death ensues, is sufficiently pleaded. The contention that the statutes of New York and Canada must be exactly alike is disposed of by *Leonard* v. *Navigation Co.*, 84 N. Y. 52. "It is not essential," the court says, "that the statute should be precisely the same as that of the state where the action is brought. The rule merely requires that it should be of similar import and character." Nor was it necessary to allege that Gurney's death was caused by such wrongful act, neglect, or default as would, under the law of Canada, if death had not ensued, have entitled him to maintain the action. In *Whitford* v. *Railroad Co.*, 23 N. Y. 467, it is said: "Courts do not, in general, take notice of the laws of a foreign country, except so far as they are made to appear by proof. In the absence, however, of positive evidence as to the law of another country, our laws indulge in certain presumptions. *Prima facie* a man is entitled to personal freedom, and the absence of bodily restraint, and to be exempt from physical violence to his person everywhere. Hence, if one bring an action for false imprisonment, or for an assault and battery committed abroad, he need not, in the first instance, offer any proof that such acts are unlawful, and entitled the injured party to a recompense in damages in the place where they were inflicted; for the courts will not presume the existence of a state of the law in any country by which compensation is not provided for such injuries; and where the condition of the law of another state becomes material, and no evidence has been offered concerning it, our courts will presume that the general principles of the common law, which are always considered to be consonant to reason and natural justice, prevail there. But no such presumption obtains respecting the positive statute law of the state." It therefore follows that while it was necessary to plead, as it will be necessary to prove, the statute law of Canada with reference to giving to plaintiff a right of action in a case where death ensued, it is not necessary to aver, nor will it in the first instance be necessary to prove, that plaintiff's intestate could have maintained such an action in Canada if death had not ensued.

The claim advanced that the New York administrator cannot maintain any such suit in our courts, where administration is not also taken out in Canada, is directly in conflict with the case of *Leonard* v. *Navigation Co.*, 84 N. Y. 48. It is therein held that an administrator appointed in this state may maintain an action without showing that letters of administration have been taken out in the state where the death occurred.

The other ground of demurrer, that the court has no jurisdiction of the cause of action, was properly disposed of upon the authority of *Bank* v. *Donnell*, 40 N. Y. 412. As stated by the trial judge: "It is only where it appears on the face of the complaint that the court has no jurisdiction of the subject-matter of the action; that such an objection can be taken by demurrer. Here it does not appear on the face of the complaint that plaintiff is a non-resident, and that objection, if it exists, must be taken by answer." This is in accordance with the language of section 488 of the Code of Civil Procedure, which provides that the defendant may demur to the complaint where the objection appears upon the face thereof. It is true that this action is brought against a foreign corporation, to recover for an alleged cause of action which arose without the state, and which exists only by virtue of a statute of that foreign country. It is equally true upon this state of facts that the action cannot be maintained under our Code, unless it is shown that the plaintiff is a resident of the state. Section 1780 of the Code makes the power to sue a foreign corporation upon a cause of action for tort arising without the state depend on the residence of the plaintiff within the state. This is the precise question, in another form, which arose in *Bank* v. *Donnell, supra,* under sec-

tion 114 of the old Code of Procedure, which contained a like provision, and which in language is similar to the present section 488 of the Code of Civil Procedure, and is therefore a binding authority. In that case, which was an action by an incorporated bank, the complaint contained no allegation that the plaintiff was a corporation, or entitled to sue as such. It was conceded that the legal position of the defendant demurring was sound, and that unless it was shown that the plaintiff was a corporation it had no legal capacity to sue in that character, but the court says: "Does the argument show that the demurrer is well taken? All that the argument proves is that the complaint does not show upon its face affirmatively that the plaintiff has capacity to sue. But to sustain the demurrer the Code requires that it should appear upon its face that it had not such capacity, which in no respect appears. For aught appearing upon the face of the complaint, the plaintiff may be a corporation entitled to sue as such." So here, while it is clear that, in order to maintain this action, the plaintiff must prove that he is a resident, and though the complaint does not allege such residence, still, upon the face of the complaint, it does not appear that he is not such, and the objection must be taken by answer. The fact that this action is a statutory one, and that the Code defines and limits the jurisdiction of the court to the cases specified, does not change the rule of practice as to the manner in which the objection must be raised. There being no distinct ground upon which this can be distinguished from the question presented in *Bank* v. *Donnell*, the latter is a binding and controlling authority. The judgment therefore should be affirmed, with costs and disbursements, and with leave, upon payment of the same and costs of the court below, to withdraw the demurrer within 20 days.

DANIELS, J., concurs.

VAN BRUNT, P. J., (*concurring*.) The complaint in this action sets out a good cause of action, provided it appears upon the trial that the court has jurisdiction of the person and subject-matter. Objection to jurisdiction may be raised by demurrer, where it appears upon the face of the complaint that the court has no jurisdiction of the person or subject-matter, but, unless want of jurisdiction appears upon the face of the complaint, the objection must be raised by a motion to set aside the summons, whereon appearance would confer jurisdiction, or, in cases where an appearance would not confer jurisdiction, it may be raised by answer, or at the trial, or upon appeal, or by the court itself. *Robinson* v. *Navigation Co.*, 112 N. Y. 315, 19 N. E. Rep. 625. I therefore concur.