In an action to recover treble damages for alleged overcharges in rent, pursuant to the provisions of the Federal emergency rent control statutes, plaintiff appeals from two judgments of the County Court, Westchester County, dismissing her complaint after a trial, and for costs; and defendants appeal from an order of the same court, which on motion of plaintiff had purported to allow the defendants, jointly, only one bill of costs and directed the County Clerk to “ retax the judgments heretofore entered on May 28th, 1949 by Samuel Steckler against the plaintiff in the sum of $102.40 and by Urban Holding Co., Inc. and Hyman Hecker against plaintiff in the sum of $99.40, into one judgment in the sum of $102.40 in favor of Urban Holding Co., Inc., Samuel Steckler and Hyman Hecker against the said plaintiff, Grace M. Westcott”. Ho objection was made in the County Court, or on this appeal, that separate judgments had been entered by defendants, and plaintiff made no motion in the County Court to retax costs pursuant to the provisions of section 1535 or section 1536 of the Civil Practice Act. Judgments unanimously affirmed, with one bill of costs to respondents-appellants. In our opinion the County Judge correctly decided that plaintiff, who had rented the occupied premises, which included garages and a parking lot, as well as residential space,, for the purpose of conducting a rooming house and renting the garages and parking space as a business venture, was not entitled to recover under the statute, which was designed to protect occupants of housing accommodations rented for living or dwelling purposes and not for the conduct of a business venture. (Cf. Belenky v. Colombo, 275 App. Div. 99.) Order appealed from reversed on the law, with one bill of $10 costs and *1000 disbursements, and the motion denied, without costs. The procedure adopted by plaintiff with respect to the costs taxed was without authority, as was the order appealed from, which purported to direct the clerk to “ retax ” the judgments. Plaintiff’s remedy, under the circumstances disclosed by the record, was to move to retax costs pursuant to section 1535 or section 1536 of the Civil Practice Act. (Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48; Empire Produce Co. V. Allen, 130 Mise. 155.) Present — Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ.