(13 Misc. Rep. 97.)

### ISOLA et al. v. WEBBER et al.

(Common Pleas of New York City and County, General Term. May 9, 1895.)

DEATH BY WRONGFUL ACT—AMOUNT OF RECOVERY—RETROSPECTIVE FORCE OF CONSTITUTION.

    Const. 1895, art. 1, § 18, providing that an action for death by wrongful act shall not be subject to any statutory limitation, applies to rights of action accruing before the constitution took effect, and therefore the complaint in an action brought while the limitation was $5,000 may be amended by increasing the amount of damages.[1]

Appeal from special term.

Action by Maria Isola and Paola Isola, as administrators of Agostino Isola, deceased, against John Webber and Louis Webber, doing business under the firm name of J. & L. Webber, and Michael Powers, to recover damages for the death of plaintiff's intestate in consequence of the alleged wrongful act, neglect, or default of defendants. From an order denying plaintiffs' motion for leave to amend the complaint by increasing the claim for damages to an amount in excess of $5,000, plaintiffs appeal. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

George H. Hart, for appellants.
George E. Mott, for respondents Webber.
Thomas F. Grady, for respondent Powers.

BISCHOFF, J. The action is by the personal representatives of a deceased person, in behalf of his widow and next of kin, to recover damages resulting from his death in May, 1892, through the alleged wrongful act, neglect, or default of the defendants. It was commenced in May, 1892; service of the summons upon all the defendants being complete in September of the same year. The com-

---

[1] See, contra, O'Reilly v. Stage Co., 34 N. Y. Supp. 358.

plaint alleged and demanded damages in the sum of $5,000. In January, 1895, the action having been in abeyance meanwhile, the plaintiff applied for leave to amend the complaint by increasing the allegation and demand of damages to $25,000. Such application was denied, upon the sole ground that the court had not jurisdiction to allow a recovery in excess of the sum already demanded.

No right of action for damages existed at common law against a person who by his wrongful act, neglect, or default had caused the death of another (5 Am. & Eng. Enc. Law, p. 125; Whitford v. Railroad Co., 23 N. Y. 468); such right being purely of statutory creation (3 Suth. Dam. [2d Ed.] § 1259). In this state it was conferred by Laws 1847, c. 450, upon the representatives of the decedent, for the benefit of his widow and next of kin, in every case where the decedent himself could have recovered for the injuries sustained had he survived. No limit of recovery, however, was prescribed by that act. By Laws 1849, c. 256, the limit was fixed at $5,000; and by Laws 1870, c. 78, the benefit of the recovery was extended to the husband of the decedent. In 1880, by Laws 1880, c. 178, the provisions of the several statutes above alluded to were incorporated as a part of the Code of Civil Procedure (sections 1902, 1904); and thus the law remained at the time of the death of plaintiffs' intestate, and the commencement of this action, and until it was affected by the constitutional provision next to be alluded to. By the constitution of the state of New York adopted November 6, 1894, and directed to take effect as of January 1, 1895 (article 15), it is provided (article 1, § 18) as follows: "The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

The precise question, therefore, which we are asked to decide upon this appeal from the order denying the plaintiffs' application for leave to amend, is whether or not the constitutional inhibition of any limit of recovery applies to rights of action which had become vested prior to the day upon which such prohibition became a part of the organic law of the state. It is conceded that there can be no vested right to a mere remedy, and that the state may therefore, at will, abolish existing remedies. But it is urged that here the remedy is "of the essence of the right" (Lowry v. Inman, 46 N. Y. 119), and therefore the abolition of the remedy necessarily involves the annihilation of the right. It would be futile, however, by consideration of the effect upon the plaintiffs and their beneficiaries had the constitution undertaken to abolish vested rights of action of the kind here involved, or to diminish the liability herein, to discuss correlatively the rights of the defendants which are affected by an increase of the liability, since it is clear that if such rights of action had been taken away, or the liability had been diminished, the constitution of the United States would not have been impinged. Article 5 of the amendments to the constitution of the United States, which inhibits the taking of property "without due process of law," is restrictive of the powers of the federal government only. Spies v. Illinois, 123 U. S. 131, 8 Sup. Ct. 21; In re Sawyer, 124 U. S. 202, 208, 8 Sup. Ct. 482. The

plaintiffs' property and that of their beneficiaries (Quin v. Moore, 15 N. Y. 432) could have been taken, and why may not the defendants'? Unless, therefore, restraint is to be found in the constitution of the United States, the sovereign power of the people of the several states extends to the adoption of retrospective laws, whatever their effect may be. Burch v. Newbury, 10 N. Y. 374, 392; Charles River Bridge Co. v. Warren Bridge Co., 11 Pet. 420; Watson v. Mercer, 8 Pet. 88; Satterlee v. Matthewson, 2 Pet. 380; Railroad Co. v. Nesbitt, 10 How. 395; Drehman v. Stifle, 8 Wall. 595; Randall v. Krieger, 23 Wall. 137. Such restraint is imposed (Const. U. S. art. 1, § 10) only with regard to ex post facto laws and laws impairing the obligation of contracts. The first refer exclusively to crimes, forfeitures, and penalties (7 Am. & Eng. Enc. Law, p. 529, and cases collated in note 1; Calder v. Bull, 3 Dall. 386); and, obviously, a consideration of the provision of the state constitution under review raises no question with reference to the last. In French v. Deane (Colo. Sup.) 36 Pac. 609, the Colorado supreme court held a statute which allowed punitive or exemplary damages in actions brought to enforce rights of action which had accrued before the enactment of the statute to be ex post facto; but this upon invocation of the doctrine prevailing in that state (Murphy v. Hobbs, 7 Colo. 541, 5 Pac. 119), and here rejected, that such damages are not, in the absence of statute authority, a part of the redress to be secured in civil actions; and hence that the statute allowing such damages is of a penal character. Whether or not, therefore, the constitutional provision in controversy applies to rights of action which had become vested at the time of its adoption, presents a question purely of intention and interpretation. In this connection it may be noted that it seems of doubtful propriety to consult the contemporaneous debates and proceedings of the convention from which the proposed constitution issued, since the inquiry is not with regard to the intention of its framers, but with the people who adopt it. The contemporaneous debates and proceedings of legislatures have frequently been resorted to as an aid in determining, in cases of uncertainty, what the law enacted was intended to effect, but in such cases the inquiry has been with regard to the intention of the body which framed and enacted the law. In considering a constitutional provision, the relevancy of the debates and proceedings of those who framed it to the intention of those who adopted it is certainly not apparent. However, in consulting the debates and proceedings we but follow precedent. In re Oliver Lee & Co.'s Bank, 21 N. Y. 9, 13.

Every change in the law, however desirable the change may appear, if it is permitted to disturb conditions which were created by or with reference to the existing law, is fraught with serious mischief and resultant confusion. While, therefore, the right of civil liberty and self-government implies the power of a people to alter its laws at will, the endurance of social order and the political prosperity of the state require that the mischief and confusion resulting from a change of the law should always be minimized; hence the principle, which governs alike the interpretation of constitutions and legislative enactments, that, unless an intention to lend them a retrospective effect

is apparent, all laws must be presumed to have been intended to operate prospectively only. "Nova constitutio futuris formam imponere debet, non praetoritis." Bract. lib. 4, fol. 288; 2 Inst. 292; Broom, Leg. Max. (8th Am. Ed.) 34; Dash v. Van Kleeck, 7 Johns. 477; Butler v. Palmer, 1 Hill, 324; In re Oliver Lee & Co.'s Bank, 21 N. Y. 9; Suth. St. Const. § 463, etc. "Constitutions operate prospectively only, unless on their face the contrary intention is manifest beyond reasonable question." Shreveport v. Cole, 129 U. S. 36, 9 Sup. Ct. 210. Thus, we are brought to a scrutiny of the language of the constitutional provision under review: "The right of action * * * shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation." The clear import of this is to attach the inhibition of any limit to all future recoveries, and so comprehends recoveries under rights of action which had accrued at the time when the constitution went into effect, as well as recoveries under rights of action which might thereafter accrue. That the language is sufficiently comprehensive to include a retrospective as well as a prospective effect affords no plausible ground for holding that the latter effect was intended to be exclusive of the former. To restrict, therefore, the operation of the provision under review to recoveries under future rights of action, requires distortion of the apparent and unambiguous sense of the language used,—that sense in which the people must be presumed to have understood the provision when it was adopted by popular vote. We are not permitted to consider any alleged and resultant hardship from such a provision, or to question the wisdom of its adoption, our office being at all times to give effect to the supreme will of the people. If reference is had to the contemporaneous debates and proceedings of the constitutional convention when the proposed provision was the subject of consideration, we are met by the rejection of propositions the import of which was to inhibit the limit of recovery with regard to future rights of action only. From such rejection the inference plainly manifest is that the provision as finally evolved and issued from the convention was intended to be retrospective as well as prospective in its operation. "The right of action is hereby given, * * * and no statutory limitation shall be placed upon the amount of damages recoverable," etc. Record of Debates & Proceedings, p. 595. "Whenever the death of a person shall be caused by wrongful act, etc., the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages. * * * No law shall be passed limiting the amount to be recovered for damages," etc. Id. p. 651. "The right of action is hereby given for loss of life, etc., and whatever statutory limitation may be placed upon the amount of damages recoverable shall be the minimum as well as the maximum amount," etc. Id. p. 947.

Our conclusion is that it was error to deny the plaintiffs' motion for leave to amend the complaint upon the ground stated. The order appealed from should be reversed, with costs of this appeal, and the plaintiffs' motion for leave to amend should be granted, with costs. All concur.