(153 App. Div. 345.)

## ZEIKUS v. FLORIDA EAST COAST RY. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

1. COURTS (§ 95*)—PREVIOUS DECISIONS AS PRECEDENTS—FOREIGN STATUTES —CONSTRUCTION.

Where an action is based on a foreign statute, domestic courts are bound by its construction by the courts of the foreign state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 322, 323; Dec. Dig. § 95.*]

2. DEATH (§ 35*)—CAUSES OF ACTION—TRANSITORY ACTION.

An action for wrongful death, though based on a statute of the state where the death occurs, is a transitory action, existing not only where it arose, but in every place in which the proper parties for its enforcement may be found.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

3. DEATH (§ 35*)—ACTION—FOREIGN STATUTE—PUBLIC POLICY OF THE FORUM.

Where a wrongful death occurred in a foreign state, and the statutes of that state were practically identical with the local statutes, save that they provided that the recovery should be liable for the payment of the decedent's debts, in case there were no members of a certain favored class, the action may be maintained in the local courts; the difference in statutes not being sufficient to warrant local courts in refusing to enforce the foreign statute as against public policy.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

4. DEATH (§ 46*)—ACTIONS FOR WRONGFUL DEATH—COMPLAINT.

A complaint in an action for wrongful death based on a foreign statute is not defective in failing to affirmatively allege that the person for whose benefit the action was brought was a resident of the state; it appearing that the deceased was a resident.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 60; Dec. Dig. § 46.*]

Appeal from Special Term, Kings County.

Action by Thomas Zeikus, as administrator of George Zeikus, deceased, against the Florida East Coast Railway Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, with leave to answer.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Charles Goldzier, of New York City, for appellant.
George S. Scofield, of New York City, for respondent.

CARR, J. The question involved in this appeal is whether the complaint states a cause of action of which the courts of this state should take jurisdiction. A demurrer to the complaint was sustained at Special Term, with leave to the plaintiff to amend his pleading, and on his refusal to do so a final judgment was entered dismissing the complaint, and from this judgment the plaintiff has appealed.

From the complaint it appears that the plaintiff is the administrator of the estate of one George Zeikus, who at the time of his death was a resident of Kings county in this state, and who was killed in the

state of Florida through the alleged neglience of the defendant. The decedent left him surviving no widow, nor children, nor any person dependent upon him for support, but there survived him his father, mother, and brothers and sisters.  The plaintiff, a brother of the decedent, was appointed administrator by the Surrogate's Court of Kings county, the place of the decedent's residence.  The action was brought to recover damages for the alleged neglience of the defendant in causing the death of the decedent.  The complaint sets forth that, under the statutes of Florida, a cause of action arose against the defendant under the circumstances stated therein in favor of the husband or wife or minor children, or, if none survived, in favor of the person dependent upon the decedent for support, and, if there was none, then in favor of the executor or administrator of the decedent, whose death was caused through the neglience of the defendant. The complaint stated, further, that the statute of Florida, which created the cause of action, did not contain any provisions for the distribution of the proceeds of the recovery upon said cause of action, but this allegation appears to be qualified by a statement as follows:

"That under and pursuant to the laws of the state of Florida any recovery in an action brought under the said statute by a nonresident of the said state is distributable in accordance with the laws of the state of his residence.  By reason whereof, the damages claimed aforesaid are distributable among the next of kin of the said deceased, pursuant to the laws of the state of New York."

We are assured, however, by the learned counsel for the plaintiff that the intent of the complaint, in the portion just quoted, was simply to allege that, under the peculiar circumstances of this case, any recovery in this action would, under the laws of Florida, be distributable to the same person who should receive them as sole next of kin, viz., the father of the decedent, had the cause of action arisen under the statutes of this state.  We shall consider the broad language of the aforesaid allegation of the complaint as limited by the concession of the plaintiff's counsel on this appeal.

[1] As this action is brought under the Florida statute, this court is bound by whatever construction the courts of that state have given to said statute.  Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491.

[2, 3] The statute in question was construed by the Supreme Court of Florida in Jacksonville Electric Co. v. Bowden, 54 Fla. 462, 45 South. 755, 15 L. R. A. (N. S.) 451.  There it was said that under said statute:

"The widow or husband or minor children or dependents as mentioned by the statute do not represent the decedent or the estate of the decedent, as to rights of action of this character, and the right of action given to the widow or husband, minor children, or dependents is not a survival of the decedent's right of action to recover for the personal injury, nor is it an asset of the decedent's estate; but it is a primary individual asset or right of action and of recovery belonging to the party to whom it is given, to recover for individual uses the damages such party may have sustained by reason of the death of the decedent."

Where, however, the parties preferred by that statute did not exist, and the right of action went to the executor or administrator of the

decedent, then it was held that such right of action was a general asset of the estate of the decedent, and any recovery thereon was distributable in the same manner as any other asset of the decedent, and the next of kin, not within the favored class, took the proceeds of the recovery in the same manner as if any general assets, after the payment of the debts of the decedent. In this respect the Florida statute differs from our own in that in this state such a recovery under our statute would go to the next of kin, in this case the father of the decedent, free from any claim of creditors of the decedent. It was likewise declared in the Florida case above cited that, when the right of action went to the executor or administrator of the decedent, "the recovery should be the pecuniary value at the decedent's death of the prospective earnings and savings from the evidence could reasonably have been expected but for the death of the decedent." And it was said further:

"In the nature of things, an exact and uniform rule for measuring the value of the life of a deceased person to designated beneficiaries or to his estate is not practicable, if possible. The elements which enter into the value of a life to the estate of a deceased person are so various and contingent that they must be left under proper instructions from the court to the determination of the jury based on proper testimony applicable to the particular case. The jury have no arbitrary discretion, but among other proper elements they may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health and skill of the deceased, and his reasonable future expectations."

It may be noted that all of these elements would be proper subjects of consideration by the jury had the cause of action arisen under the laws of the state of New York. The chief difference between the Florida statute and our own is that our statute excludes possible creditors under all circumstances, while under the Florida statute the claims of creditors of the decedent are protected when the cause of action goes to the executor or administrator, in default of husband or wife or minor children, or dependents of the decedent. There are but few cases in this state on the question of when our courts may assume jurisdiction of such a right of action arising under a foreign statute. It is said generally that this question of assumption of jurisdiction is to be determined with regard to our own public policy, and that, where the remedy given by a foreign statute is the same or substantially the same as that given by our own statute where the cause of action arose in this state, then our courts, in proper cases, should assume jurisdiction of the cause of action under the foreign statute whenever it has acquired jurisdiction of the necessary parties. A right of action of this character is said to be transitory, and to exist not only where it arose, but in every place in which the proper parties for its enforcement may be found. Leonard v. Columbia Steam Navigation Co., ut supra; Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Higgins v. Central New England, etc., R. R. Co., 155 Mass. 176, 29 N. E. 534, 31 Am. St. Rep. 544. In the Leonard Case our courts enforced a cause of action of this kind, arising under the statutes of Connecticut where the main purpose of the foreign statute was similar to our own, though the remedy granted

was afforded through a statutory survival of the decedent's cause of action, while under our statute there was no survival of a pre-existing right of action but the creation of an entirely new and independent right of action and remedy therefor. In Wooden v. Western New York & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803, our courts enforced a similar right of action arising under a New Jersey statute, although the action was brought by a widow, as provided under the foreign statute, while for a cause of action arising under our own statute only the personal representatives of the decedent could maintain such an action. It was there declared that difference in details between the foreign statute and our own were not sufficient in themselves to justify our courts in refusing jurisdiction, but that "the two statutes need not be identical in their terms or precisely alike, but it is enough if they are of similar import and character, founded upon the same principle and possessing the same general attributes." In Higgins v. Central New England, etc., R. R. Co., ut supra, the court said:

"Assuming that the cause of action is one not existing at the common law, but created by the statute of another state, we have seen that it is transitory. * * * When an action is brought upon it here, the plaintiff is not met by any difficulty upon these points. Whether our courts will entertain it depends upon the general principles which are to be applied in determining the question whether actions founded upon the laws of other states shall be heard here. These principles require that in cases of other than penal actions the foreign law, if not contrary to our public policy, or to abstract justice or pure morals, or calculated to injure the state or its citizens, shall be recognized and enforced here, if we have jurisdiction of all necessary parties, and if we can see that, consistently with our own forms of procedure and law of trials, we can do substantial justice between the parties. If the foreign law is a penal statute, or if it offends our own policy, or is repugnant to justice or to good morals, or is calculated to injure this state or its citizens, or if we have not jurisdiction of parties who must be brought in to enable us to give a satisfactory remedy, or if under our forms of procedure an action here cannot give a substantial remedy, we are at liberty to decline jurisdiction."

It was said in the opinion of Miller, J., speaking for the United States Supreme Court in Dennick v. Railroad Co., ut supra:

"If the liability to pay money was fixed by the law of the state where the transaction occurred, is it to be said it can be enforced nowhere else because it depended upon statute law and not upon common law? It would be a very dangerous doctrine to establish that in all cases where the several states have substituted the statute for the common law the liability can be enforced in no other state but that where the statute was enacted and the transaction occurred. The common law never prevailed in Louisiana, and the rights and remedies of her citizens depend upon her Civil Code. Can these rights be enforced or the wrongs of her citizens be redressed in no other state of the Union? The contrary has been held in many cases." (Authorities cited.)

As has been pointed out earlier in this opinion, the Florida statute differs from our own practically in the detail that if there be no husband or wife, or minor children or persons dependent upon the decedent for support, then the other next of kin take subject to the claims of creditors of the decedent. In view of the fact that the complaint alleges that there are no creditors of the decedent, and the defendant

138 N.Y.S.—31

by demurring has admitted this allegation, it may not be proper, as it is not necessary, to discuss the question of jurisdiction from a viewpoint as if there were creditors, leaving that question to be disposed of when it arises necessarily.

[4] The learned court at Special Term was of opinion that the complaint was defective fatally, in that it did not contain an affirmative allegation that the person for whose benefit this action was brought was a resident of this state, and in reaching such conclusion it felt itself bound by the opinion in Zeikus v. Florida East Coast Railway Co., 144 App. Div. 91, 128 N. Y. Supp. 933. The decision in that case was based upon a complaint less ample than the one before us, and we do not find that in that case the learned court in the First Department attempted to base its decision upon any doctrine to the effect that, where an action was brought under a foreign statute by the administrator of a decedent who was a resident of this state, our courts would not entertain jurisdiction, unless the parties entitled to share in or take the whole of the recovery were residents of this state. We think that the question of the residence of the next of kin of the decedent is not an essential in conferring jurisdiction upon this court where, as in this case, the decedent was a resident of this state and the administrator was appointed by the courts of this state. We are of opinion that the Supreme Court of this state could, and under the circumstances shown in the complaint should, have taken jurisdiction of the cause of action set forth therein.

The judgment should be reversed, with costs, and the demurrer to the complaint should be overruled, with $30 costs, with leave to the defendant to answer the complaint within 20 days on payment of costs as aforesaid. All concur.