ST. BERNARD v. SHANE et al.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1915.)

No. 2547.

1. PLEADING ⬤⟿360—AMENDMENT AFTER STRIKING OUT—TIME—"INSTANTER."
   The term "instanter," when used with reference to legal proceedings, as in an order striking an amended petition from the files and giving leave to file instanter a second amended petition, usually means within 24 hours.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146; Dec. Dig. ⬤⟿360.
   For other definitions, see Words and Phrases, Instanter.]

2. COURTS ⬤⟿295—UNITED STATES COURTS—JURISDICTION—ACTIONS AGAINST RECEIVERS.
   Regardless of the citizenship of the parties, a federal court had jurisdiction of an action against receivers of its own appointment, based upon an alleged negligent performance of the duties of the receivership.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 837; Dec. Dig. ⬤⟿295.]

3. DEATH ⬤⟿35—ACTIONS FOR CAUSING DEATH—WHERE ACTION MAY BE MAINTAINED.
   Actions of tort upon death statutes, being transitory, may be brought in the courts, state or federal, of a state other than that in which the right of action accrued, unless the statute of the state in which the cause of action arose is in substance inconsistent with the statute or public policy of the state in which the right of action is sought to be enforced.
   [Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. ⬤⟿35.]

4. DEATH ⬤⟿35—ACTIONS FOR CAUSING DEATH—WHERE ACTION MAY BE MAINTAINED.
   An action for death, under the death statute of Illinois (Jones & A. Ann. St. par. 6184), was maintainable in a federal court for Ohio, though the Illinois statutes do not permit actions in that state for a death occurring outside the state, and though Gen. Code Ohio, § 10770, as amended by Act April 30, 1910 (101 Ohio Laws, p. 198), provides that a right of action for death in another state may be enforced in Ohio in all cases where such other state allows the enforcement in its courts of the Ohio statute, as the right of action under the Illinois statute is unaffected by the laws of Ohio, the Ohio statute, if intended to apply to actions in the federal courts, is beyond the power of the Legislature, and the enforcement of the Illinois statute is not contrary to good morals or natural justice nor prejudicial to the proper interests of the citizens of Ohio.
   [Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. ⬤⟿35.]

5. COURTS ⬤⟿371—TRANSITORY ACTIONS—WHERE ACTION MAY BE MAINTAINED.
   A transitory right of action is enforceable in the federal courts having jurisdiction of the subject-matter and the parties, whether given by the common law or a state statute not penal.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. ⬤⟿371.]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Ohio; Wm. L. Day, Judge.

Action by Lillian St. Bernard, administratrix of Bion St. Bernard, deceased, against S. P. Shane and another, receivers of the Gilchrist Transportation Company. A demurrer was sustained to the original petition (201 Fed. 453), and amended petitions were stricken from the files, and plaintiff brings error. Reversed and remanded, with directions.

H. W. Ewing, of Cleveland, Ohio, for plaintiff in error.

I. L. Evans, of Cleveland, Ohio, for defendants in error.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. Plaintiff, an administrator appointed by a probate court of Michigan, sued the defendants for negligent injuries causing decedent's death, the injuries and death occurring in the state of Illinois, while decedent was in the employ of defendants, acting as receivers under appointment of the court below in the operation of a steamboat in Illinois. The original petition was demurred to, first, because of plaintiff's alleged incapacity to sue; and, second, for lack of statement of cause of action. The demurrer was sustained as to the second ground ([D. C.] 201 Fed. 453), and an amended petition filed, which was stricken from the files and leave given to file instanter a second amended petition. On the next day, the second amended petition was filed, a rehearing of the demurrer to the original petition was granted and hearing had thereon, as well as on motion to strike the second amended petition from the files. The petition to strike was sustained as was also the demurrer to the original petition, which was thereupon dismissed. Hence this writ of error.

[1] We may pass by defendants' objection that the second amended petition was not filed instanter, because not filed until the next day after order therefore, because, first, the term "instanter," when used with reference to legal proceedings, usually means within 24 hours, and we are cited to no contrary rule in Ohio; and, second, hearing was actually had upon the demurrer, the sustaining of which and the dismissal of the petition thereon constitute plaintiff's fundamental grievance. The reference in the second amended petition to the Ohio amendatory statute of 1913 (not then effective) did not authorize striking the petition from the files. In this opinion, we shall disregard that statutory amendment.

[2] We may also disregard the lack of diversity of citizenship, for the court below had unquestioned jurisdiction over an action against receivers of its own appointment, based upon an alleged negligent performance of the duties of the receivership, and regardless of the citizenship of the parties. See decision of this court in Cobb v. Sertic, 218 Fed. 320, and cases there cited.

[3, 4] Turning, then, to the demurrer: The sufficiency of the allegations of negligence, as stating a right of action in Illinois, is not challenged; the grounds of demurrer are related, and concern only the plaintiff's right to maintain her suit in the courts of Ohio.

The pertinent situation is this: In the absence of statute, a foreign administrator could not maintain suit upon a cause of action of this nature, or indeed upon any right of action accruing to the deceased. Noonan v. Bradley, 9 Wall. 394, 400, 19 L. Ed. 757; Maysville, etc., Co. v. Marvin (C. C. A. 6) 59 Fed. 91, 8 C. C. A. 21. And see Courtney v. Pradt (C. C. A. 6) 160 Fed. 561, 87 C. C. A. 463, and cases there cited. But, by section 10769 of the Ohio Code, a foreign executor or administrator is empowered to prosecute suits "in any court in this state, in his capacity as such, in like manner and under like restriction as a nonresident is permitted to sue."

At the common law, however, no civil action lies for negligent injuries resulting in death. Insurance Co. v. Brame, 95 U. S. 754, 756, 24 L. Ed. 580; Dennick v. Railroad Co., 103 U. S. 11, 21, 26 L. Ed. 439. But Illinois has a death statute, which is substantially Lord Campbell's Act, giving the same right of action where death ensues as would exist if death had not ensued. Jones & A. Ill. Stat. Ann. (1913) c. 70, § 1, par. 6184. And the rule is well settled that actions of tort upon death statutes of this nature, being transitory, may be brought in the courts, state or federal, of a state other than that in which the right of action accrued (Dennick v. Railroad Co., 103 U. S. 11, 18, 26 L. Ed. 439), unless, at least, the statute of the state in which the cause of action arose is in substance inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced (Texas Pac. R. R. Co. v. Cox, 145 U. S. 593, 605, 12 Sup. Ct. 905, 36 L. Ed. 829; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; No. Pac. R. R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Stewart v. B. & O. R. R. Co., 168 U. S. 445, 448, 18 Sup. Ct. 105, 42 L. Ed. 537). Such statutes have been enforced, not only in actions at law, but in suits in admiralty. Several decisions of the Supreme Court and of this court (of the latter class) are cited in the margin.[1] Ohio, likewise, has a death statute, which also is substantially Lord Campbell's Act, and gives in broad terms a right of recovery wherever it would have existed had death ensued. The Ohio statute, however, contains a provision that the right of action for death by wrongful act arising under the statute of another state may be enforced in Ohio "in all cases where such other state * * * allows the enforcement in its courts of the statute of this state of a like character" (G. C. Ohio, § 10770, as amended by Ohio Laws 1910, p. 198); and it was said by the Supreme Court of that state, under a similar statute, that the courts of Ohio have not jurisdiction over a suit brought on account of a death occurring in a state which did not give right of action for death occurring outside of such state. Railroad Co. v. Fox, 64 Ohio St. 133, 142, 59 N. E. 888.

The Illinois statute referred to forbids action in that state to recover damages for a death occurring outside the state, and the provision

---

[1] The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264; La Bourgogne, 210 U. S. 95, 138, 139, 28 Sup. Ct. 664, 52 L. Ed. 973; Robinson v. D. & C. Navigation Co., 73 Fed. 883, 20 C. C. A. 86; Monongahela River, etc., Co. v. Schinnerer, 196 Fed. 375, 378, 117 C. C. A. 193; Thompson Towing, etc., Co. v. McGregor, 207 Fed. 209, 218, 124 C. C. A. 479.

has been literally enforced by the Supreme Court of that state. Dougherty v. American, etc., Co., 255 Ill. 369, 371, 99 N. E. 619, Ann. Cas. 1913D, 568.

As an independent proposition, plaintiff's right to maintain this suit in her capacity of foreign administrator may be laid out of account, for it is clear that she has the same right to sue as if she had been appointed by the courts of Ohio. The question is narrowed to this: Whether any one in any representative capacity has the right to maintain this suit in the court below upon the cause of action given by the Illinois statute?

[5] We think this question demands an affirmative answer. The suit is not brought upon the Ohio statute, but solely upon the statute of Illinois. The existence of and limitations on this right of action are unaffected by the laws of Ohio, and are governed solely by the laws of Illinois. No. Pac. R. R. Co. v. Babcock, supra, 154 U. S. 199, 14 Sup. Ct. 978, 38 L. Ed. 958; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358. The right of action in that state was perfect. So far as concerns that right of action, there is no conflict whatever between the Illinois statute and the statutes or public policy of Ohio. Had the injuries and death in question occurred in the latter state, the right of action under the statutes of that state would be complete; and, as we have already seen, the plaintiff, as a Michigan administrator, could have maintained such action in Ohio. What is said in the opinion of this court in Maysville Co. v. Marvin, 59 Fed. 96, 8 C. C. A. 21, as to plaintiff's status in the federal court depending upon the statute creating the right, plainly relates only to capacity to sue. The objection we are considering comes to this: That the Legislature of Ohio has denied resort to the courts of that state for the enforcement of remedy under the death statute of another state, unless that other state opens its courts to actions upon the Ohio death act. The question is thus merely one of state reciprocity. It may well be open to doubt whether the Legislature had in mind an extension of this limitation to actions in the federal courts, but were we to assume such intention, the power was, we think, lacking. The rule that a transitory right of action is enforceable in the federal courts having jurisdiction of the subject-matter and the parties, whether given by the common law or a state statute not penal, is a rule of general law. See the Dennick, Huntington, Cox, and Stewart Cases, supra; also Strait v. Yazoo & M. V. R. R. Co. (C. C. A. 6) 209 Fed. 157, 160, 126 C. C. A. 105, 49 L. R. A. (N. S.) 1068. A negligent act causing death is and always was a tort; and death acts, like that of Illinois, merely take away the common-law obstacle to recovery. Stewart v. B. & O. R. R. Co., supra, 168 U. S. 448, 18 Sup. Ct. 106, 42 L. Ed. 537. As there said:

"It may well be that, where a purely statutory right is created, the special remedy provided by the statute for the enforcement of that right must be pursued, but where the statute simply takes away a common-law obstacle to a recovery for an admitted tort, it would seem not unreasonable to hold that an action for that tort can be maintained in any state in which that common-law obstacle has been removed."

In David Lupton's Sons v. Auto Club, 225 U. S. 489, 500, 32 Sup. Ct. 711, 714 (56 L. Ed. 1177, Ann. Cas. 1914A, 699), it is said that:

"The state could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the federal courts for the enforcement of a valid contract."

This principle equally applies, in our judgment, to actions of tort under a statute like the death act here sued on. The limitation as to nonconflict with statute or public policy of the state of the forum has, so far as we have seen, been applied only to substantive matters affecting right of action.

In No. Pac. Co. v. Babcock, supra, 154 U. S. 198, 14 Sup. Ct. 981, 38 L. Ed. 958, there was quoted with apparent approval an extract from the opinion of the Supreme Court of Minnesota, which included the statement that:

"To justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interests of our own citizens."

Surely the enforcement of the Illinois death act is not contrary to good morals or natural justice, nor would it be prejudicial to the proper interests of the citizens of Ohio. If it be said that refusal to so enforce would indirectly tend to the benefit of the citizens of Ohio by compelling favorable reciprocal legislation in Illinois, it would seem a sufficient answer that the limitations in question are too remote for consideration, that they work no discrimination between residents and nonresidents in either state, and that in no event could the consideration stated affect the federal courts.

We are confirmed in the conclusion we have reached by the persuasive opinion of Judge Seaman in Missouri Pacific R. R. Co. v. Larussi (C. C. A. 7) 161 Fed. 66, 88 C. C. A. 230.

The order sustaining the demurrer and dismissing the original and second amended petitions is reversed, with costs, and the cause remanded to the District Court, with directions to take further proceedings not inconsistent with this opinion.