## LAURIA v. E. I. DU PONT DE NEMOURS & CO., Inc.

(District Court, E. D. New York. February 27, 1917.)

1. DEATH ⬅35—ACTION ON FOREIGN STATUTE.
     Whether an action for death under the statute of another state may be maintained does not depend on the ultimate possibilities of the foreign statute, but on the particular application sought to be made of such statute.
     [Ed. Note.—For other cases, see Death, Cent. Dig. § 50.]

2. DAMAGES ⬅151—PLEADING—EXEMPLARY DAMAGES.
     In Virginia, as in New York, facts showing the right to exemplary damages must be alleged.
     [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 420, 421.]

3. DEATH ⬅35—ACTION ON FOREIGN STATUTE.
     Jurisdiction of an action for death under the statute of another state is not dependent upon the existence in the forum of a statute similar to the foreign statute under which the right of action arose.
     [Ed. Note.—For other cases, see Death, Cent. Dig. § 50.]

4. COURTS ⬅8—JURISDICTION—ACTIONS ON FOREIGN LAW.
     As a general rule, actions for personal torts are transitory, and whenever such a right of action has become fixed, and legal liability incurred,

whether at common law or under a statute, it will be enforced in another state, unless there is a good reason for refusing to enforce it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19.]

5. COURTS ⊛8—JURISDICTION—ACTIONS ON FOREIGN LAW.

A court may properly decline to entertain jurisdiction of an action under the statute of another state on the ground that the action is penal, that it contravenes some established and important policy of the state, or that the local judicial procedure is inadequate to do substantial justice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19.]

6. COURTS ⊛8—JURISDICTION—ACTIONS ON FOREIGN LAW.

To justify a court in refusing to enforce a right of action under the laws of another state on the ground that it contravenes the policy of the forum, it must appear that it is contrary to good morals or natural justice, or for some other good reason its enforcement would be prejudicial to the general interests of the people of the state, and mere differences in the statutory right of action of the two states is not sufficient.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19.]

7. DAMAGES ⊛2—LAW GOVERNING—STATUTORY RIGHTS OF ACTION.

The measure, elements, and extent of the damages given by the law of the state in which an action arises pertains to the substance of the right, and not to the remedy, and is governed by the law of that state.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 2.]

8. COURTS ⊛360—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.

Whether an action for death arising under the statute of one state may be maintained in a federal court sitting in another state is a question of general jurisprudence, upon which the state decisions are not conclusive.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 977, 978.]

9. DEATH ⊛35—ACTION ON FOREIGN STATUTE.

Code Va. 1904, §§ 2902–2904, give a right of action for wrongful death, and provide that the jury may award such damages as to it may seem fair and just, not exceeding $10,000, and may direct in what proportion they shall be distributed to the beneficiaries therein specified, and that the amount shall be paid to the personal representative, and after the payment of costs and attorney's fees distributed as therein provided. *Held,* that an action thereunder is maintainable in a federal court sitting in New York, as the action is not penal or unreasonable, there is no difficulty in applying it, its enforcement will not injuriously affect any general interest of the people of the state, and neither the fact that the jury may apportion the damages among beneficiaries, who may not be the same under each statute, nor the fact that the Virginia statute allows elements of damage not recognized under the New York statute, is sufficient to defeat the action.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50.]

At Law. Action by Eleanor Lauria, as administratrix of Anthony Lauria, deceased, against E. I. Du Pont De Nemours & Co., Inc. On motion to dismiss the complaint. Motion denied.

This is a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The action is brought by the plaintiff, as administratrix, for the death of her husband, caused, as alleged, by negligence on the part of the defendant. The deceased was employed by the defendant in its plant at Hopewell, Va., and was killed while operating an electric car by striking his head against an overhead beam. The complaint alleges that the deceased is survived by his widow and his father, both residents of Richmond county, where administration was taken out. The defend-

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant is a Delaware corporation. The action is based on sections 2902–2904 of the Virginia Code:

"Sec. 2902. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, or to proceed in rem against said ship or vessel, or in personam against the owners thereof or those having control of her, and to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or defaults or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony.

"Sec. 2903. * * * The jury in any such action may award such damages as to it may seem fair and just, not exceeding ten thousand dollars, and may direct in what proportion they shall be distributed to the wife, husband, or child. or, if there be no wife, husband, or child, then to the parents, brothers, and sisters of the deceased. But nothing in this section shall be construed to deprive the court of the power to grant new trials as in other cases.

"Sec. 2904. The amount recovered in any such action shall be paid to the personal representative, and after the payment of costs and reasonable attorney's fees, shall be distributed by such personal representative to the wife, husband, and child, or if there be no wife, husband, or child, then to the parents, brothers, and sisters of the deceased in such proportions as the jury may have directed, or, if they have not directed, according to the statute of distributions, and shall be free from all debts and liabilities of the deceased; but if there be no wife, husband, child, parent, brother, or sister, the amount so received shall be assets in the hands of the personal representative to be disposed of according to law. This and the preceding section are subject to this proviso: Where there is a widowed mother of the deceased and a widow but no children of the deceased, the amount recovered shall be divided between the mother and the widow in such portions as the jury or the court may direct."

McCombs, Wellman, Smyth & Ryan, of New York City (Herbert C. Smyth and Frederic C. Scofield, both of New York City, of counsel), for plaintiff.

William H. Button, of New York City, for defendant.

VEEDER, District Judge (after stating the facts as above). The defendant contends that the Virginia statute under which the right of action accrued is so unlike the statutory right of action which prevails in this state that the action should not be entertained here. The motion has been argued upon the theory, set forth in Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491, that the exercise of jurisdiction depends upon the similarity of the Virginia statute to the statutory remedies prescribed by the statutes of this state for death, namely, the Workmen's Compensation Law (Laws 1914, c. 41 [Consol. Laws, c. 67]), and the general right of action existing by virtue of sections 1902–1908 of the Code of Civil Procedure. The dissimilarity with respect to the Workmen's Compensation Law is obvious, but inconclusive. Although the remedy provided by that statute is, so far as it goes, exclusive of all other rights or remedies for the death of employés resulting from injuries (Shanahan v. Monarch Engineering Co., 219 N. Y. 469, 114 N. E. 795), still that act, which applies in terms irrespective of fault, extends an option to the legal representative

241 F.—44

in case of death to sue for damages under the Code provision if the employer fail to secure compensation as required by the act. For all cases not falling within the Compensation Law the Code provision is the existing remedy; that is to say, the right of action for wrongful death depends upon that provision. If, therefore, the Virginia statute is to be compared with any local statute, it must be compared with the latter.

Upon such comparison the defendant asserts that the following substantial differences appear: The Virginia statute (1) permits the recovery of exemplary damages; (2) in default of wife and next of kin the recovery becomes part of the estate of the deceased to be disposed of according to law; (3) the jury may direct in what proportion the damages shall be distributed among the beneficiaries.

[1, 2] The motion could be disposed of on the short ground that none of these distinctions applies in the pending action. For the purposes of the issue raised by this motion, it is the particular application sought to be made of the statute that controls; it is the cause of action set up in the complaint, not the ultimate possibilities of the foreign statute. Zeikus v. Florida East Coast Ry. Co., 153 App. Div. 349, 138 N. Y. Supp. 478. Exemplary damages are not recoverable under this complaint. While the complainant need not necessarily claim such damages by that name in the complaint, still, in Virginia, as here, facts showing the right to recover such damages must be alleged. Wood v. Bank, 100 Va. 306, 40 S. E. 931. No such facts are alleged in this complaint. Furthermore, it appears from the complaint that the deceased left surviving him his wife and his father. By the express terms of the statute, therefore, the wife would take the entire amount recovered.

[3-5] I do not concede, however, the validity of the assumption that the exercise of jurisdiction in such cases is dependent upon the existence in the forum of a statute similar to the foreign statute under which the right of action arose. The general rule is that actions for personal torts are transitory in their nature and may be brought wherever jurisdiction of the wrongdoer can be obtained. Whenever such a right of action has become fixed and legal liability incurred, whether at common law or under a statute, it will be enforced in another state unless there is a good reason for refusing to enforce it. If statutory, it will be enforced, not because of the existence of the statute, which of course does not extend ex proprio vigore beyond the boundaries of the state in which it is enacted, but because it is a right which the plaintiff legitimately acquired and which still belongs to him. The theory of the foreign suit is that although the act complained of was subject to no law having force in the forum, it gave rise to an obligation which, like other obligations, follows the person, and may be enforced wherever the person may be found. The recognized grounds upon which the court resorted to may properly decline to entertain jurisdiction are: That the action is penal; that it contravenes some established and important policy of the state; that the local judicial procedure is inadequate to do substantial justice in the premises. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Flash v. Conn, 109

U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; Texas & Pacific R. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; Northern Pacific R. R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Barrows v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Slater v. Mexican National R. R. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900; Boston & Maine R. R. Co. v. Mc-Duffey, 79 Fed. 934, 25 C. C. A. 247; Missouri Pacific Ry. Co. v. Larussi, 161 Fed. 66, 88 C. C. A. 230; St. Bernard v. Shane, 220 Fed. 852, 135 C. C. A. 399; Herrick v. Minneapolis & St. Louis Ry. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; Powell v. Great Northern Ry. Co., 102 Minn. 448, 113 N. W. 1017; Whitlow v. Nashville Ry. Co., 114 Tenn. 344, 84 S. W. 618, 68 L. R. A. 503; Rick v. Saginaw Bay Towing Co., 132 Mich. 237, 93 N. W. 632, 102 Am. St. Rep. 422; Higgins v. Central New England R. R. Co., 155 Mass. 176, 29 N. E. 534, 31 Am. St. Rep. 544; Walsh v. New York & N. E. R. R. Co., 160 Mass. 571, 36 N. E. 584, 39 Am. St. Rep. 514; Walsh v. Boston & Maine R. R. Co., 201 Mass. 527, 88 N. E. 12; Hanlon v. Frederick Leyland & Co., 223 Mass. 438, 111 N. E. 907, L. R. A. 1917A, 34; Nelson v. Chesapeake & Ohio R. R. Co., 88 Va. 971, 14 S. E. 838, 15 L. R. A. 583; Knight v. West Jersey R. R. Co., 108 Pa. 250, 56 Am. Rep. 200; Southern Ry. Co. v. Decker, 5 Ga. App. 21, 62 S. E. 678; Burns v. Grand Rapids & I. R. R., 113 Ind. 169, 15 N. E. 230; Morris v. Chicago, R. I. & P. Ry. Co., 65 Iowa, 727, 23 N. W. 143, 54 Am. Rep. 39; Bruce's Adm'r v. Cincinnati R. R. Co., 83 Ky. 174; Texas & New Orleans R. R. Co. v. Miller, 60 Tex. Civ. App. 627, 128 S. W. 1165; McLeod v. C. & P. R. R. Co., 58 Vt. 727, 6 Atl. 648.

The limitation suggested in Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491, and repeated in Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803, was in both expressly based upon the authority of McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664, a case involving no foreign statute, but depending upon the question whether the cause of action for death by negligence arose within the territorial jurisdiction of the state of New York; and the court held that a right of action for causing death at sea, on board a vessel hailing from and registered in a port within this state, depends upon the laws of this state. Alluding to the rule that the common law is presumed to be similar everywhere, and to the distinction in this respect between the common and statutory law, Judge Rapallo said:

"It is settled by the law of our own courts that the right of action for causing death by negligence exists only by virtue of the statute, and that where the wrong is committed within a foreign state or country, no action therefor can be maintained here, at least without proof of the existence of a similar statute in the place where the wrong was committed. Whitford v. Panama R. R. Co., 23 N. Y. 465; Crowley v. Panama R. R. Co., 30 Barb. (N. Y.) 99; Beach v. Bay State Steamboat Co., 30 Barb. (N. Y.) 433; Vandeventer v. N. Y. & N. H. R. R. Co., 27 Barb. (N. Y.) 244. These decisions rest upon the plain ground that our statute can have no operation within a foreign jurisdiction, and that with respect to positive statute law it cannot be presumed that the laws of other states or countries are similar to our own."

It is quite apparent that the words "similar statute" were used by Judge Rapallo simply as a form of expression, not as importing some new rule; in none of the cases cited by him is there a suggestion that the right of action, when based upon a foreign statute, could be affected in any way by the presence or absence of a New York statute touching the subject. Having in mind the statutory origin of the action in New York, he referred to the necessity of proof that a right of action had accrued in the foreign state. In the subsequent case of Debevoise v. N. Y., L. E. & W. R. R. Co., 98 N. Y. 377, 50 Am. Rep. 683, Judge Earl stated and applied this principle with his usual precision. It is impossible to find room for any larger meaning of the language used in McDonald v. Mallory; and it is to be observed that the theory stated in both the Leonard and Wooden cases was applied in neither to the extent of defeating a cause of action where the existence of a foreign statute was shown.

Obviously, if the source of the right sought to be enforced is the law of the place of the act, the absence of a similar right of action in the forum cannot affect the principle. Of course, the recognition by the law of the forum of the foreign right of action, whether common law or statutory, precludes any issue of contrariety in public policy, and in most cases it is only in such connection that the similarity of statutory rights is referred to. But the result of the federal cases was stated by Mr. Justice Gray in Huntington v. Attrill, 146 U. S. 657, 670, 13 Sup. Ct. 224, 229 (36 L. Ed. 1123), to be that:

"A private action may be maintained in one state, if not contrary to its own policy, for such a wrong done in another and actionable there, although a like wrong would not be actionable in the state where the suit is brought."

Apparently, this is the prevailing view in the state courts as well. Herrick v. Minneapolis & St. Louis Ry. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; Walsh v. New York & N. E. R. R. Co., 160 Mass. 571, 36 N. E. 584, 39 Am. St. Rep. 514. In the latter case, where a recovery which could not have been had under the law of the forum was sustained because not opposed to the policy of the state, the court hesitated to adopt to its full extent the doctrine that whether the domestic law provides for redress in like cases should in principle be immaterial so long as the right is a reasonable one and not opposed to the interests of the state, only because it went further than the decision in Richardson v. New York Central R. R. Co., 98 Mass. 85. Since the latter decision has recently been expressly overruled in Hanlon v. Frederick Leyland & Co., 223 Mass. 438, 111 N. E. 907, L. R. A. 1917A, 34, presumably the general doctrine prevails.

[6] The bearing of all this upon the further question of public policy is plain. If enforcement be not predicated on a common right of action, certainly mere differences in the contents of a common statutory right of action will not avail to defeat the action on grounds of public policy. Otherwise the exception would be practically as broad as the right to which it attaches; for the existence of conflict between the foreign and the domestic law, which alone creates an occasion for the application of the principles of comity, would at once call the exception into operation. The considerations of public policy which war-

rant refusal to entertain jurisdiction have been variously expressed, and are not, perhaps, susceptible of definitive statement. But they amount in substance to this: To justify a court in refusing to enforce a right of action which has accrued under the laws of another state, on the ground that it contravenes the policy of the forum, it must appear that it is contrary to good morals or natural justice, or that for some other good reason its enforcement would be prejudicial to the general interests of the people of the state. Herrick v. Minneapolis & St. Louis Ry. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771.[1]

[7] The defendant has cited and relied upon the statement made in Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803, that the extent of damages pertains to the remedy rather than to the substantive right. Since, upon that theory, this action might be maintainable for such damages as would be recoverable under the law of New York, although not maintainable for such damages as the Virginia statute allows, it is necessary that I should make it plain, for the purpose of this motion, that I proceed on no such theory. I adopt to its full extent what I conceive to be the true principle, that the measure, elements, and extent of the damages given by the law of the state in which the action arose pertain to the substance of the right, not to the remedy, and that the question of its enforcement in another jurisdiction must be determined with respect to the right as given. The principle was clearly formulated by Mr. Justice Holmes in Slater v. Mexican National R. R. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900. When a liability is enforced in a jurisdiction foreign to the place of the wrongful act, that does not mean that the act is in any degree subject to the lex fori with regard either to its quality or its consequences. Inasmuch as the only source of the obligation is the law of the place of the act, that law must determine its extent. Therefore it is quite inadmissible to resort to the law of the place of the act so far as to show that the act was a tort, and then to determine the consequences according to the accident of the place where the defendant may happen to be found.

The Wooden case, supra, arose on demurrer to the complaint, the contention being that the Pennsylvania death statute sued on was contrary to the policy of the forum, in that, while the damages recoverable were limited to $5,000 in this state, they were unlimited in Pennsylvania. In denying that contention, Judge Finch asserted that the restriction pertained to the remedy rather than to the right; it was a limitation upon the discretion of the jury in fixing the amount of damages, not upon the right of action or its inherent elements and character.

"The difference between the two statutes, therefore, does not strictly affect the rule of damages, but rather the extent of the damages, and that

---

[1] The limits of state action, in view of article 4, § 2, of the Constitution of the United States, can hardly be said to be settled. Chambers v. Baltimore & Ohio R. R. Co., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143; Dougherty v. American Co., 255 Ill. 369, 99 N. E. 619, L. R. A. 1915F, 955, Ann. Cas. 1913D, 568; Eingartner v. Illinois Steel Co., 94 Wis. 80, 68 N. W. 664, 34 L. R. A. 503, 59 Am. St. Rep. 859. Limitations under the "full faith and credit" clause were applied in Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123.

extent, as limited or unlimited, does not enter into any definition of the right enforced or the cause of action permitted to be prosecuted. And so the causes of action in the two forums are not thereby made dissimilar."

It is to be observed that what is said about the application of the local restriction is merely by way of argument in support of the court's position that the difference between the two statutes was not such as to preclude the exercise of jurisdiction. While this dictum has never been expressly repudiated, its weight has been seriously impaired by subsequent decisions. In O'Reilly v. Utah Stage Co., 87 Hun, 406, 34 N. Y. Supp. 358, it was held at General Term that the provision of the Constitution of 1894 abolishing the statutory limitation upon the amount of recovery did not operate retrospectively so as to cover an existing cause of action. The decision was based upon the ground that the statutory limit pertained to the substantive right, not merely to the remedy, and therefore rests upon a view of the nature of the statutory limitation which is diametrically opposed to that upon which the dictum in the Wooden case rests. This decision was approved by the Court of Appeals in a per curiam opinion in Isola v. Weber, 147 N. Y. 329, 41 N. E. 704, which reversed a contrary decision in 13 Misc. Rep. 97, 34 N. Y. Supp. 77. Neither of these cases, however, refers to the Wooden case. Again in Kiefer v. Grand Trunk R. R. Co., 12 App. Div. 28, 42 N. Y. Supp. 171, in an action for death arising under an Ontario statute prior to the abolition of the statutory limitation in this state, it was held that the provision of the Code section prescribing the $5,000 limitation, which required the clerk to add to the recovery and include in the judgment interest thereon from the date of the decedent's death, did not apply. The decision is upon the ground that the addition of interest under the statute was a matter of substantive right, not a mere matter of remedy. This decision was affirmed by the Court of Appeals on the opinion below. 153 N. Y. 688, 48 N. E. 1105. In the latest case making any reference to the general subject, where an express company, sued here for loss of baggage in Massachusetts, sought to claim the local statutory exemption from all damages in excess of $150, the court held that:

"The laws of Massachusetts, which in the absence of proof are presumed to be the common law of the land, must control the amount of damages." Hasbrouck v. N. Y. C. & H. R. R. R. Co., 202 N. Y. 363, 95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150.

The effect of these decisions seems to be to destroy the foundation upon which the dictum in the Wooden case rests, viz., that the statutory limit pertains to the remedy rather than to the substantive right. While Higgins v. Central New England R. R. Co., 155 Mass. 176, 29 N. E. 534, 31 Am. St. Rep. 544, and Dorr Cattle Co. v. Des Moines National Bank, 127 Iowa, 153, 98 N. W. 918, 102 N. W. 836, 4 Ann. Cas. 519, support the doctrine of the Wooden case, there is controlling authority to the contrary. Northern Pacific R. R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Powell v. Great Northern Ry. Co., 102 Minn. 448, 113 N. W. 1017; Louisville & Nashville R. R. Co. v. Graham's Adm'r, 98 Ky. 688, 34 S. W. 229.

[8, 9] In applying the foregoing principles to the right of action given by the Virginia statute, it must not be overlooked that in federal

courts the issue is one of general jurisprudence, upon which the state decisions are not conclusive. Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 605, 12 Sup. Ct. 905, 36 L. Ed. 829; Huntington v. Attrill, 146 U. S. 657, 675, 683, 13 Sup. Ct. 224, 36 L. Ed. 1123; Northern Pacific R. R. Co. v. Babcock, 154 U. S. 190, 198, 14 Sup. Ct. 978, 38 L. Ed. 958; Slater v. Mexican National R. R. Co., 194 U. S. 120, 134, 24 Sup. Ct. 581, 48 L. Ed. 900; per Fuller, C. J.; Malloy v. American Hide & Leather Co. (C. C.) 148 Fed. 482; Greaves v. Neal (C. C.) 57 Fed. 816; Evey v. Mexican Central Ry. Co., 81 Fed. 294, 26 C. C. A. 407, 38 L. R. A. 387; Missouri Pacific Ry. Co. v. Larussi, 161 Fed. 66, 88 C. C. A. 230; St. Bernard v. Shane, 220 Fed. 852, 135 C. C. A. 399. In view of Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, there can be no claim that the action is penal. No difficulty in applying it is suggested. It is not unreasonable; nor is it asserted that its enforcement would injuriously affect any general interest of the people of this state. The differences to which attention was called at the outset are claimed, however, to contravene the public policy of this state. Whatever latitude may be permissible in state courts in refusing jurisdiction on grounds of local policy, the rule laid down for federal courts by the Supreme Court in Huntington v. Attrill and other cases above cited seems to leave no room for mere questions of comity, save as they may be involved in the underlying principles of jurisprudence. Greaves v. Neal (C. C.) 57 Fed. 816.

The facts that the jury may apportion the damages among the beneficiaries, and that the beneficiaries may not in every case be the same under each statute, do not warrant rejection on that ground. Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537. Nor does the fact that the Virginia statute allows elements of damage which are not recognized under the New York statute. Resorting to the construction of the statute by the Supreme Court of Virginia, it is true that it was said in Matthews v. Warner's Adm'r, 70 Va. (29 Grat.) 570, 26 Am. Rep. 396, that the Virginia statute permitted recovery of exemplary damages. But the court there had under consideration a case in which the decedent had been killed under circumstances which approximated murder in the second degree. The point actually decided was that the trial judge had properly refused to instruct the jury that in assessing damages they must confine themselves to injuries of which a pecuniary estimate could be made in reference to a reasonable expectation of pecuniary benefit to the decedent's mother from the continuance of his life, and could not take into consideration the mental suffering occasioned to her by his death. If the jury are not confined to mere pecuniary loss to the survivors, of course they may be governed by other considerations in assessing fair and just damages under all the surrounding circumstances of the particular case. What those considerations are, as applied to an action like this for the death of an employé through the negligence of his employer, are set forth in Baltimore & Ohio R. R. Co. v. Noell's Adm'r, 73 Va. (32 Grat.) 394, where the court approved an instruction which directed the jury that in ascertaining the damages they should find the sum, in the first place, with reference to the pecuniary loss sustained by a mother in the death of her son, and then add thereto compensation for

the loss of his care, attention, and society, and such further sum as they should deem fair and just by way of solace and comfort to her for the sorrow, suffering, and mental anguish occasioned to her by his death. These elements of damage have been repeatedly approved. Portsmouth Street R. R. Co. v. Peed, 102 Va. 662, 47 S. E. 850; Norfolk & Western R. R. Co. v. Cheatwood, 103 Va. 356, 49 S. E. 489; Powhatan Lime Co. v. Whetzel's Adm'x, 118 Va. 161, 86 S. E. 898.

So far as recovery for the mental anguish of the beneficiary is concerned, the precise issue was decided adversely to the defendant's contention in Texas & N. O. R. R. Co. v. Gross, 60 Tex. Civ. App. 621, 128 S. W. 1173, upon reasoning which commends itself to my judgment. Assuming that exemplary damages may also be recovered in a proper case, that fact raises no conflict with the general policy of New York. See Bruce's Adm'r v. Cincinnati R. R. Co., 83 Ky. 174; Pullman Palace Car Co. v. Lawrence, 74 Miss. 782, 22 South. 53; Illinois Central R. R. Co. v. Crudup, 63 Miss. 291. While the corresponding New York statute confines recovery in such cases to pecuniary loss, exemplary damages are recognized and allowed by the law of this state, and cannot, therefore, be said to infringe its policy. Fundamental agreement in the main and substantial characteristics of the foreign and domestic law is not affected by the differences of detail which the defendant points out.

The motion is denied.